determine the amount of the damage sustained by reason of the defendant's disregard of the injunctive order. While the record demonstrated damage to the boat and there was competent proof as to the amount thereof, there was no proof as to when such damage was sustained. It was thus impossible to determine whether the damage was sustained subsequent to the effective date of the order or whether it pre-existed the same. The Referee recommended that a further hearing be held to establish the facts in connection therewith. In the alternative he recommended that the defendant be fined the sum of $250 together with the costs of the proceeding. Special Term accepted the alternative recommendation. The evidence points to a clear contempt on the part of the defendant. He deliberately disregarded the order of the court. In the circumstances of this case the plaintiff should be given an opportunity to establish, if he can, that the damage to the boat occurred subsequent to the effective date of the injunction and that it was the result of the refusal of defendant to comply with the terms thereof. Accordingly, the matter is remanded for further proof. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ.

■ In the Matter of NATHANIEL M. MINKOFF, as Treasurer of Joint Board of Dress and Waistmakers' Union of Greater New York, Respondent, v. BUDGET DRESS CORPORATION, Appellant.— Order entered on May 17, 1960, confirming two separate awards of the arbitrator herein and granting judgment in favor of petitioner-respondent and against respondent-appellant in the sum of $55,243.14, unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bastow, JJ.

■ FEDERAL INSURANCE COMPANY et al., Appellants, v. UNITED PORT SERVICE COMPANY, Respondent.— Order entered on March 23, 1960, granting defendant-respondent's motion to dismiss the complaint as barred by the Statute of Limitations, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bastow, JJ. [23 Misc 2d 142.]

■ FEDERAL INSURANCE COMPANY et al., Appellants, v. UNITED PORT SERVICE COMPANY, Respondent.— Order entered on March 23, 1960, granting defendant-respondent's motion to dismiss the complaint as barred by the Statute of Limitations, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bastow, JJ. [23 Misc 2d 142.]

■ FEDERAL INSURANCE COMPANY et al., Appellants, v. ASSOCIATED OPERATING Co., Respondent.— Order entered on February 23, 1960, granting defendant's motion to dismiss the complaint herein as barred by the Statute of Limitations, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bastow, JJ.

■ JAFFE TRADING CORPORATION, Respondent, v. OVERSEAS DISTRIBUTORS EXCHANGE, INC., et al., Appellants.— Order entered on April 14, 1960, denying defendants' motion for a rehearing of the plaintiff's motion for summary judgment, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Valente, Stevens and Bastow, JJ.

■ RALPH GONZALEZ, Respondent, et al., Plaintiff, v. BETTY LEVINE, Appellant.— Judgment in favor of plaintiff in the sum of $80,217.50 reversed, on the law and on the facts, the verdict vacated, and a new trial granted, with costs to defendant-appellant, unless plaintiff stipulates to accept $50,000 in lieu of the award by verdict, in which event the judgment is modified to that extent, and is affirmed as thus modified, with costs to defendant-appellant. In this personal injury negligence action it is evident that the jury verdict is grossly excessive in its award of damages, and that a verdict in excess of $50,000 is