## THIRD DEPARTMENT, DECEMBER, 1965

### (December 3, 1965)

 INDUSTRIAL GROUP SERVICE, INC., et al., Appellants, v. SAMUEL C. CANTOR et al., Respondents.— MEMORANDUM BY THE COURT. This complaint is brought directly against the current and former Superintendents of Insurance of the State of New York seeking a declaratory judgment that the practice of "wrap-up" insurance, whereby, it is alleged, certain general contractors and owners require subcontractors to procure workmen's compensation insurance from particular carriers, is illegal and that the defendant Superintendents be ordered to issue an order to all insurance companies, insurance brokers and insurance agents to cease and desist from engaging in such practice. Special Term dismissed the complaint on the grounds that there was no justiciable issue, that there was a fatal absence of parties, that an action for declaratory judgment cannot be used to review an exercise of administrative discretion, and on the related ground that there had been no exhaustion of administrative remedies. We choose to base our affirmance of the order dismissing the complaint upon a broader ground. In a situation such as this where it is sought to test the action or inaction of a public officer, CPLR article 78 provides the complete arsenal of remedies, whether by certiorari to review a descretionary act of the public official after exhaustion of admini-

strative remedies (here pursuant to Insurance Law, § 34) or by way of mandamus to enforce a clear legal right where the public official has failed or refused to perform a duty enjoined by law. (*Matter of Ciminera* v. *Sahm,* 4 A D 2d 749, affd. 4 N Y 2d 400). None of the authorities cited by appellant as examples of instances where declaratory judgment was successfully maintained against a public official or body (e.g., *New York Foreign Trade Operators* v. *State Liq. Auth.,* 285 N. Y. 272; *Metropolitan Life Ins. Co.* v. *New York State Labor Relations Bd.,* 280 N. Y. 194; *Hotel Armstrong* v. *Temporary State Housing Rent Comm.,* 11 A D 2d 395) are applicable here. Those actions were brought to test the basic scope and validity of statutes pursuant to which the defendants were acting, and did not deal as here, with the simple charge that defendant should take some sort of administrative action. Similarly, pertaining to the related argument that article 78 does not provide the exclusive remedies in a case such as this, the citation of *Kovarsky* v. *Brooklyn Union Gas Co.* (279 N. Y. 304) is not at all persuasive. That case was brought to restrain the defendant public utility from making a service charge, was basically in equity and the defendant was not a public officer. So long as plaintiffs desire to proceed against the defendant public officers then they must, as discussed above, confine themselves to whatever appropriate avenues of relief are afforded by article 78. Order and judgment affirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.