CITY OF MOUNT VERNON et al., Appellants, v STATE BOARD OF EQUALIZATION AND ASSESSMENT et al., Respondents. (Action No. 1.)

TOWN OF MOUNT PLEASANT, Appellant, v STATE BOARD OF EQUALIZATION AND ASSESSMENT et al., Respondents. (Action No. 2.)

Third Department, April 7, 1977

*McCarthy, Fingar, Donovan & Glatthaar (Henry J. Smith* and *Gerald Nolan* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Joseph P. McCale* and *Ruth Kessler Toch* of counsel), for State Board of Equalization and Assessment and another, respondents.

*Wien, Lane & Malkin (Alan D. Gordon* for *Williams & O'Neil* of counsel), for Consolidated Edison Company of New York, Inc., respondent.

LARKIN, J. The plaintiffs instituted these actions for various declaratory and compulsory relief as the result of alleged errors on the part of the defendant State Board of Equalization and Assessment (SBEA) in determining the special franchise assessments of the defendant Consolidated Edison in the various plaintiff municipalities for the year 1974. Among the many errors alleged are the following statutory violations: (1) the failure of the SBEA to announce and certify its final determinations until three or four months after the statutory deadlines for certifying final special franchise assessments, in violation of section 616 of the Real Property Tax Law, and (2) the application by the SBEA of the most recent equalization rate to all of Consolidated Edison's special franchise property, in violation of the requirement contained in section 606 of the Real Property Tax Law that the SBEA apply the 1953 equalization rate to all special franchise property which was assessed for the year 1953.

Special Term concluded that the plaintiffs lacked standing to challenge the SBEA's determinations and that a proceeding commenced by Consolidated Edison under article 7 of the Real Property Tax Law, in which the plaintiffs had been granted permission to intervene, afforded plaintiffs adequate relief and was both the appropriate and the exclusive remedy. Having dismissed the complaints, Special Term also summarily denied plaintiffs' further applications for leave to file amended complaints which sought the additional relief of a review of the SBEA's determination of Consolidated Edison's special franchise assessments for the year 1975. We conclude that Special Term erred in respect to the orders appealed from.

Although "[i]t has long been the established law that a municipality has no standing to challenge a State statute insofar as its governmental powers and duties are concerned" *(City of Buffalo v State Bd. of Equalization & Assessment,* 26 AD2d 213, 215), where a minicipality seeks a determination of whether administrative action has been taken in violation of standards prescribed by the State Legislature, there is no such bar to a suit by the municipality against the State *(Matter of*

*Town of Arietta v State Bd. of Equalization & Assessment,* 37 AD2d 431, app dsmd 30 NY2d 771). In *Arietta* the petitioner towns alleged that the SBEA violated the mandate of section 545 of the Real Property Tax Law in its determination of 1968 assessments of the State-owned lands within the towns. Special Term dismissed the petition on the ground that the actions complained of were legislative in nature and not subject to review pursuant to CPLR article 78. In reversing the trial court, we stated: "While as a general proposition legislative actions are not reviewable by article 78 proceedings * * * there still remains a residuum of judicial right to determine if there has been action in excess of delegated authority or in disregard of standards prescribed by the Legislature * * *. Thus there is a question raised in this case as to the proper interpretation of the statute and, therefore, Special Term should not have dismissed the petition on the ground that article 78 was not available" *(Matter of Town of Arietta v State Bd. of Equalization & Assessment, supra,* p 432. See, also, *Matter of Guardian Life Ins. Co. of Amer. v Bohlinger,* 308 NY 174; *Bowen v State Bd. of Social Welfare of State of N.Y.,* 55 AD2d 235).

In the instant case, as in *(Arietta (supra),* the plaintiffs do not challenge the constitutionality or validity of a statute or the authority of the SBEA to act pursuant to the statutory mandates in question, but claim only that it failed to comply with said statutes. As such, the complaints herein, seeking both declaratory and mandatory relief, the latter framed in CPLR article 78 terms, should not have been dismissed for lack of standing on the part of the plaintiffs.

We also disagree with the conclusion of Special Term that the said actions pending pursuant to article 7 of the Real Property Tax Law provide the exclusive remedy for plaintiffs. Section 740 of the Real Property Tax Law provides for a review of special franchise assessments pursuant to article 7. Although municipalities are entitled to intervene in such a proceeding *(Matter of Teleprompter Manhattan Catv Corp. v State Bd. of Equalization & Assessment,* 34 AD2d 1033), they may not institute review proceedings in their own right if dissatisfied with a determination *(Matter of Village of Pelham v New York State Bd. of Equalization & Assessment,* 208 Misc 201; 4 Opns Counsel St Bd of Equal Assessm No. 75, 1975, p 141).

The argument that an article 7 proceeding provides plaintiffs with an "adequate" remedy is belied by the fact that when, as in the instant case, an aggrieved taxpayer seeks to review an assessment pursuant to article 7 of the Real Property Tax Law (and predecessor statutes) the court has no power to increase the assessment *(People ex rel. City of New York v Keeler,* 237 NY 332; *Matter of United States of Amer. v Tax Comm. of City of N.Y.,* 22 AD2d 290; *Matter of Village of Pelham v New York State Bd. of Equalization & Assessment, supra).* Because the relief sought by the plaintiffs is primarily directed to an increase in defendant Consolidated Edison's assessments, and as they are limited in the article 7 proceedings to opposing further reductions in such assessments, this is not an action between the same parties for the same cause of action subject to dismissal under CPLR 3211 (subd [a], par 4). We conclude that plaintiffs' remedies pursuant to article 7 are neither adequate nor exclusive in regard to the said violations of sections 606 and 616 of the Real Property Tax Law alleged in the complaints.

Finally, we find no merit to the claim that plaintiffs have no standing because they lack a sufficient interest in this litigation *(Matter of Dairylea Coop. v Walkley,* 38 NY2d 6; *Boryszewski v Brydges,* 37 NY2d 361; *Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1).

The motions for leave to serve supplemental complaints, which, upon allegations similar to the original complaints, seek to challenge 1975 special franchise assessments for Consolidated Edison in the plaintiff municipalities, should be granted under CPLR 3025 (subd [b]), which permits a party to "amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences" and which further provides that "[l]eave shall be freely given".

The orders should be reversed, on the law and the facts, without costs; the motion for leave to serve supplemental complaints granted.

KOREMAN, P. J., SWEENEY, KANE and MAHONEY, JJ., concur.

Orders reversed, on the law and the facts, without costs; motion for leave to serve supplemental complaints granted.