In the Matter of ETHEL R. POMEROY, Petitioner, v ROBERT P. WHALEN, as Commissioner of Health, et al., Respondents.

Third Department, June 9, 1977.

*Carey, LaRocque & Piasecki (John A. Piasecki* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Peter G. Crary* and *Ruth Kessler Toch* of counsel), for respondents.

KANE, J. Petitioner owned over 250 acres of land in the Town of North Elba, Essex County. In 1968 she obtained conditional approval from the respondents to subdivide a certain portion of this property known as Highland Acres. However, by notice dated July 18, 1975 she was charged with 22 violations of section 1116 of the Public Health Law for selling that number of lots from an allegedly unapproved subdivision, and with one violation of Part 5 of the State Sanitary Code (10 NYCRR 5-1.2) for constructing, extending or operating a public water supply without respondents' prior approval. It was developed at the subsequent hearing on these specifications that the initial subdivision approval had contemplated the conveyance of 16 identifiable one-acre lots which were to be serviced with water from a single well, but that petitioner had thereafter sold six additional lots outside the boundaries originally envisioned for Highland Acres and had supplied some of them with water from that well. Respondent ultimately found petitioner guilty of eight violations: six related to her sales of lots without the Highland Acres perimeter, one referred to the unauthorized extension of the water supply from the well, and one was for a failure to submit final plans for water supply purposes. A penalty of $1,000 was assessed for each violation. She was further directed to submit specifications for the construction of an adequate water supply system for Highland Acres and to complete the project in accordance with such plans. This ensuing article 78 proceeding by petitioner presents a somewhat confusing and overlapping attack on nearly all phases of the determination as well

as the administrative procedures leading up to it. Nevertheless, some of her more specific contentions possess merit.

Our recent holding declaring section 1115 of the Public Health Law unconstitutionally vague in defining a subdivision *(State of New York . v Rutkowski,* 57 AD2d 14) obviates the necessity for a protracted discussion of the six violations found in this case involving the sales of land in contravention of section 1116 thereof. However, were it not for the vagueness of that definition, we would still have serious doubts about the propriety of sustaining those charges. Section 1116 of the Public Health Law prohibits the sale of any portion of an unapproved subdivision, yet such a subdivision cannot arise until there has been a segmentation of land into five or more parcels (Public Health Law, § 1115). Thus, we fail to see how the first four sales of petitioner's land outside the limits of Highland Acres could be subjected to the reach of that enactment in any event.

Next, the notice of hearing plainly did not advise petitioner she would be held to account for any failure to submit final water supply plans (see *Matter of Murray v Murphy,* 24 NY2d 150). Respondent's 1968 subdivision approval was issued upon the express condition that petitioner make separate applications to the Water Resources Commission for its approval of the existing water supply within Highland Acres. The record reveals that she satisfied this proviso. However, the later commission action in her favor attached further conditions, one being that she submit final reports, plans and specifications for its acceptance. The functions of the Water Resources Commission have since been transferred to the Department of Environmental Conservation (ECL 15-0317). Accordingly, not only was petitioner deprived of adequate notice that a failure to comply with the commission's additional requirement would be considered at the hearing; it appears that respondent lacked responsibility or authority to enforce compliance with it. Since respondent has offered no independent statutory support for the remedial action it has ordered petitioner to undertake with respect to the Highland Acres water supply, neither the violation nor the connected affirmative directive can be permitted to stand.

Lastly, we conclude that substantial evidence supports the finding that petitioner extended the water supply from the Highland Acres well to property outside its boundary and thereby ran afoul of section 5-1.2 of the State Sanitary Code

(10 NYCRR 5-1.2). Contrary to petitioner's assumption, that regulation is founded on respondent's power under section 225 of the Public Health Law to adopt a sanitary code and it is not dependent in any way on sections 1115 or 1116 of that law. Her argument that she had been given oral permission to extend the distribution system by one of respondent's representatives was rejected and, in the face of the representative's denial that he had done so, we perceive no reason to disturb the resolution of that purely factual conflict. Although assessment of the maximum penalty allowed for this single violation seems quite stern, petitioner has not assailed it on the ground of excessiveness and the amount fixed by respondent does not shock us. We have examined petitioner's remaining assertions and find them lacking in merit.

The determination should be modified by annulling so much thereof as found violations of section 1116 of the Public Health Law and a violation for failure to submit final water supply plans; assessed penalties totaling $7,000 therefor and directed certain affirmative action be taken, and, as so modified, confirmed, without costs.

HERLIHY, J. (concurring in part and dissenting in part). We agree with the majority opinion insofar as it concludes that the portion of the determination finding a violation by virtue of a failure to submit final water supply plans and imposing certain affirmative action requirements must be annulled. Further, we agree with the finding that the determination should be sustained as to the unauthorized extension of a water supply and that the penalty imposed for that violation should be confirmed.

The majority find that the declaration that section 1115 of the Public Health Law is unconstitutional for vagueness in the case of *State of New York v Rutkowski* (57 AD2d 14) requires their vote for a dismissal in this case. However, for the reasons set forth in my separate opinion in *Rutkowski,* we find the said section 1115 to be constitutional and, accordingly, the determination that the petitioner violated section 1116 of the Public Health Law may not be annulled upon the theory that it is without valid statutory authority.

The majority claim some doubt as to whether or not the record contains substantial evidence of a violation; however, it is undisputed that all of the sales are out of a large parcel purchased in 1956 and 16 lots were developed for residential

subdivision purposes prior to the six sales at issue in this proceeding. The six lots sold without approval were by deeds containing covenants restricting them to residential uses and the activity clearly meets the definition of a subdivision pursuant to section 1115 of the Public Health Law (cf. *State of New York v Rutkowski, supra* [HERLIHY, J., dissenting]; *Matter of Slavin v Ingraham,* 44 AD2d 874, 876, affd 37 NY2d 653). The sale of the six lots at issue was known by the petitioner to require approval and she created an issue of credibility by insisting at the hearing that she had received oral approval of those lots. The sale of the six lots is not isolated from the prior development of 16 lots and contrary to the implication of the majority, the sales of the first four lots of these six were not presubdivision sales.

We do not find the assessment or the maximum penalty for each of the six sales to be an excessive punishment in the context of this case where the violations were certainly not simple error on the part of petitioner.

The determination should be modified by annulling so much thereof as found a violation for failure to submit final water supply plans, assessed a $1,000 penalty therefor and directed certain affirmative action to be taken, and, as so modified, confirmed.

MAHONEY and MAIN, JJ., concur with KANE, J.; GREENBLOTT, J. P., and HERLIHY, J., concur in part and dissent in part in an opinion by HERLIHY, J.

Determination modified by annulling so much thereof as found violations of section 1116 of the Public Health Law and a violation for failure to submit final water supply plans; assessed penalties totaling $7,000 therefor and directed certain affirmative action be taken, and, as so modified, confirmed, without costs.