■ CITY OF NEW YORK, Appellant, v STATE BOARD OF EQUALIZATION & ASSESSMENT OF THE STATE OF NEW YORK et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered July 2, 1976 in Albany County, which granted a motion to change venue from New York County to Albany County. The underlying action is one for a declaratory judgment wherein the City of New York seeks mandatory relief by way of an increase of the special franchise assessments of the Consolidated Edison Company of New York, Inc. (Con Edison). The action was commenced by the service of a summons and verified complaint on both the State Board of Equalization and Assessment of New York (SBEA) and Con Edison. SBEA served the city with a demand for a change of venue from New York County to Albany County. The city failed to respond and the instant motion pursuant to CPLR 511 (subd [b]), was made to change the venue. Following a hearing Special Term granted the motion on the ground New York County

is not a proper county for the proceeding since the action is governed by article 7 of the Real Property Tax Law. This appeal ensued. Plaintiff urges reversal based on the fact that both its residence and that of Con Edison are New York County and that county pursuant to CPLR 503 (subd [a]) is a proper place of trial. Defendants, on the other hand, maintain that since the action, in essence, is an article 78 proceeding to review a determination of the SBEA, venue, pursuant to CPLR 506, must be Albany County. While we disagree with Special Term's basis for granting the motion *(City of Mount Vernon v State Bd. of Equalization & Assessment,* 57 AD2d 12), we are of the view that the order, nevertheless, should be affirmed since Albany County is the proper county. In seeking a resolution of this controversy we are not bound by the form in which plaintiff framed its case, but rather we must look to the purpose of the complaint to ascertain the applicable procedural rules *(Federal Ins. Co. v United Port Serv. Co.,* 23 Misc 2d 142, 143, affd 12 AD2d 905). If an article 78 proceeding provides full and adequate remedies for the relief demanded, it is the exclusive method of review and an aggrieved party is barred from resorting to a declaratory judgment action *(Industrial Group Serv. v Cantor,* 24 AD2d 1032; 23 Carmody-Wait 2d, NY Prac, § 145:7, p 432). The instant complaint in substance alleges that defendants failed to apply the 1953 equalization rate to Con Edison's property which had been assessed in 1953 pursuant to section 606 of the Real Property Tax Law and erroneously assessed the property by a procedure differing both from that used with regard to the same property during the preceding year and from that currently employed in assessing all other special franchises in the City of New York. In our view, article 78 is specifically designed to address these issues *(Matter of Charles v Diamond,* 41 NY2d 318, 332). Since plaintiff may obtain adequate and full relief demanded in the complaint in an article 78 proceeding and we have the power to change the action to such proceeding, we hereby convert the instant action to an article 78 proceeding (CPLR 103, subd [c]). In view of our conversion of this proceeding to an article 78 proceeding, the determination of venue is governed by CPLR 506. Plaintiff contends that pursuant to CPLR 506 (subd [b]) New York County is a proper county in that the proceedings were brought or taken in the course of which the matter sought to be restrained originated and/or the material events took place there. We disagree. It is the opinion of this court that under either of those criteria as well as under the remaining criteria established in CPLR 506 (subd [b]) New York County was an improper county in which to commence this case. Consequently, the defendants were entitled to a change of venue to Albany County. We have considered all other arguments raised by plaintiff and find them unavailing. Order affirmed, with costs. Sweeney, J. P., Mahoney, Larkin, Mikoll and Herlihy, JJ., concur.