OPINION OF THE COURT
Con. G. Cholakis, J.
This action concerns three consolidated rate cases presently pending before the defendant, Public Service Commission, in which the commission is endeavoring to fix certain utility rates to be charged by Orange and Rockland Utility, Inc. By this action the plaintiffs attack, mainly upon constitutional due process grounds, certain procedures employed by the defendant commissioner in consideration of the rate cases. The plaintiffs sue for declaratory judgment *276 and for a permanent injunction. The matter is before the court upon the motion of the plaintiffs for a preliminary injunction and the cross motion of the defendants for an order dismissing the complaint.
The underlined facts are not disputed and, as pertinent, may be stated as follows: Hearings were held in the consolidated cases before Edward D. Cohen, an Administrative Law Judge, and before the defendant, Richard S. Bower, a Commissioner of the Public Service Commission. Subsequent to the hearings, a recommended decision was made, jointly authored by Mr. Cohen and Commissioner Bower. It is the plaintiffs’ position that the noted participation by Commissioner Bower in the rate case proceedings now disqualifies him from further participation in the commission’s review of the recommended decision and in the commission’s final determination of the matters. Accordingly, the plaintiffs applied to the commission to have Commissioner Bower disqualified from further participation. This application was denied and Commissioner Bower himself, additionally, rendered a separate opinion in which he refused to remove himself from the matter. The plaintiffs have filed a petition for rehearing requesting that the commission reverse its determination not to disqualify Commisioner Bower. At the same time, the plaintiffs have commenced this action for declaratory judgment determining Commissioner Bower’s further participation in the matter to be violative of due process and determining any statute, rule or regulation, which may be construed so as to permit such participation to be unconstitutional. Additionally, as above indicated, the action seeks a permanent injunction enjoining Commissioner Bower from further participation in the subject rate case determinations. Similar injunctive relief is sought upon the plaintiffs’ motion for a preliminary injunction.
In addition to resisting the motion for a preliminary injunction, the defendant, as stated, has urged, by independent motion, that the plaintiffs’ complaint must be dismissed upon several grounds. The defendants first argue that the procedure followed by the commission is statutorily authorized and, in any event, not constitutionally offensive. In this connection, it is urged that the plaintiffs’ analogy between *277 judicial trial and appellate procedures and the commission’s decision-making process is false in that a trial and appellate court are two separate, independent tribunals, whereas the commission and its interim decision makers constitute but one tribunal. Additionally, the defendants make a strong argument that the plaintiffs’ appropriate remedy — if not sole remedy — is found in CPLR article 78, and that this declaratory judgment action is so inappropriate as to be subject to dismissal. In support of this latter position the defendants urge several authorities, notably Industrial Group Serv. v Cantor (24 AD2d 1032, 1032-1033), where the court stated: “This complaint is brought directly against the current and former Superintendents of Insurance of the State of New York seeking a declaratory judgment that [a] practice of [certain insurance companies regulated by the Superintendent of Insurance] is illegal and that the defendant Superintendents be ordered to issue an order to all insurance companies, insurance brokers and insurance agents to cease and desist from engaging in such practice * * * In a situation such as this where it is sought to test the action or inaction of a public officer, CPLR article 78 provides the complete arsenal or remedies, whether by certiorari to review a discretionary act of the public official after exhaustion of administrative remedies (here pursuant to Insurance Law, § 34) or by way of mandamus to enforce a clear legal right where the public official has failed or refused to perform a duty enjoined by law (Matter of Ciminera v. Sahm, 4 A D 2d 747, affd. 4 N Y 2d 400).”
Finally, the defendants argue that even if the court were to treat this action in the nature of a CPLR article 78 proceeding, dismissal would still be mandated for the reason that the proceeding is premature, being obviously brought before the determination of administrative proceeding in violation of the finality requirement of the statute (CPLR 7801).
Considering all arguments presented, and noting particularly the absence of factual issue, the court is persuaded to the view that judgment must be granted to the defendants dismissing the complaint for the reason that the same fails to state a cause of action.
*278 Section 11 of the Public Service Law provides in relevant part: “Any investigation, inquiry or hearing which the commission has power to undertake or to hold may be undertaken or held by or before any commissioner or before any specially authorized officer or employee of the commission, provided that at least one commissioner shall hold at least one public hearing without delegation of authority to any specially authorized hearing officer or employee when such hearings are mandated by applications for rate increases. All investigations, inquiries, hearings and decisions of a commissioner or specially authorized officer or employee shall be and be deemed to be the investigations, inquiries, hearings and decisions of the commission”.
The statute appears plain, unambiguous and thus uninviting to judicial interpretation. Clearly, the participation of a commissioner in the hearing process is statutorily authorized. Indeed, this fact is apparently recognized by the plaintiffs, for in their complaint they specifically seek the declaration that this statute is unconstitutional, a declaration which this court is not prepared to make. (The commission’s regulations equally envision the participation of a commissioner in the preliminary proceedings [16 NYCRR 2.7 (a), (b)].)
The presumption of constitutionality is, of course, great and the court may not, therefore, lightly adopt the plaintiffs’ view of section 11 and of the procedures adopted pursuant to its authority. With this perspective in mind, it is observed that the plaintiffs’ whole attack is premised upon their belief that the procedures before the commission are to be equated with the judicial process. The plaintiffs’ analogy, however, does not bear scrutiny. A Trial Judge is an independent member of the judiciary possessed with the power to make binding determinations. He functions independently from the appellate tribunals. The commission’s Administrative Law Judge, on the other hand, makes no determinations, but exists only as a procedural tool of the commission’s own choosing, employed by the commission to aid it in its fact finding and in determinations. The use of an Administrative Law Judge and the two-step procedure the commission now employs is not mandated by statute or otherwise and the commission, if it so choose, could dis *279 pense with both. In fact, as the court is informed, until 1970, there was no two-step procedure employed and the commission issued its final determination directly without interim decisions.
The distinction between the judicial procedures and the procedures of the commission are basic and, to this court’s mind, these distinctions are fatal to the plaintiffs’ cause. The plaintiffs, indeed, may be displeased with the recommendations issued and may have other grounds upon which to urge that they not be adopted, but it is this court’s opinion that they have not been denied due process, as they argue. In fact, upon consideration, the court is persuaded to the view of the commission as stated in its order denying the plaintiffs’ motion for disqualification of Commissioner Bower. In its order the commission wrote: “Furthermore, the involvment of a Commissioner at all stages of a proceeding serves to facilitate the development of a complete record, to assist the parties in identifying issues that are likely to be of concern to us, and to ensure that we are fully apprised of the positions of all parties. In short, we believe the procedure the IEUA challenges actually enhances the potential for a fair resolution of the issues in a case.”
The above determination is, of course, dispositive of the plaintiffs’ preliminary injunction motion. It is nonetheless noted that even if the court were of a different view it would find it necessary to deny the requested injunctive relief. It is well established that a preliminary injunction is a drastic remedy not to be granted absent a clear right to ultimate relief (Brand v Bartlett, 52 AD2d 272, 275). For the reasons stated, in the instant matter there has been no showing of the requisite right to ultimate relief. Additionally, there is a failure to show irreparable damage upon the denial of the requested injunction. Briefly stated, should it be ultimately determined upon review that the Public Service Commission has erred with respect to the addressed issue, or other issues, to the prejudice of the plaintiffs, the commission can adjust the notes and cure the effect of its error. (See Matter of Lefkowitz v Public Serv. Comm., 40 NY2d 1047.)