OPINION OF THE COURT
Joseph J. Sedita, J.
A unique question is presented by this motion to dismiss plaintiff’s complaint pursuant to General Obligations Law § 15-108.
At issue is whether or not the subrogation of a claim by the plaintiff pursuant to contract rights precludes continuation of this lawsuit against these defendants. Defendants rely on General Obligations Law § 15-108 (c) which states: “Waiver of contribution. A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.”
This controversy arose out of an accident in August of 1977, in which a wide cargo being transported by the plaintiff’s tractor trailer caught the rear of the defendant corporation’s tractor trailer which was making an emergency stop along one shoulder of the highway. The cargo was owned by Ford Motor Company which had contracted with the plaintiff to transport this particular item. The plaintiff arranged for its insurance company to pay Ford Motor Company for the loss pursuant to its contractual obligations as a common carrier under its contract of carriage and bill of lading. In accepting payment for the loss, Ford Motor Company agreed to permit subrogation of this claim by agreeing to transfer its rights to the plaintiff and its insurance carrier.
CPLR 1004 permits subrogation of a claim. A subrogated claim is not in any way diminished or extinguished by the *652 subrogation. It is merely “taken over” by another who stands in the place of the original claimant. This is a substantially different situation from that envisioned by General Obligations Law § 15-108.
In our case, no claim against the defendants has been released. It is merely being prosecuted by another through subrogation. The claim itself has not been compromised. We are, therefore, of the opinion that a subrogation pursuant to contract rights and CPLR 1004 does not diminish the actionable tort claim inherent in the relevant lawsuit.
Accordingly, this motion is denied.