532

FIRST DEPARTMENT, OCTOBER, 1986

(October 2, 1986)

■ ARTHUR O. EVE et al., Respondents, v POWER AUTHORITY OF THE STATE OF NEW YORK et al., Appellants.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered March 17, 1986, which denied defendants' motions to convert this declaratory judgment action into a CPLR article 78 proceeding, unanimously reversed, on the law, without costs or disbursements, the motions granted and the action converted to an article 78 proceeding.

Defendant Niagara Mohawk Power Corporation (Niagara Mohawk) is a public utility company which provides gas and electric service in upstate and western New York. Its rates are subject to regulation by defendant Public Service Commission (PSC). Defendant New York State Power Authority (Power

Authority) is a public authority which generates, sells and transmits low-cost hydroelectric power to Niagara Mohawk, which, in turn, resells to its residential and industrial customers. Any savings to Niagara Mohawk by reason of its utilization of the low-cost Power Authority-generated power must be passed on to residential customers under Public Authorities Law § 1005 (5).

On April 20, 1984, Niagara Mohawk filed proposed rate increases with the PSC, which scheduled formal hearings to determine the reasonableness of the proposed electric rates. Plaintiff New York Community Action Network (NYCAN) was one of 14 intervenors in that proceeding. Evidentiary hearings, presided over by two Administrative Law Judges, were held during the period May 17, 1984 to November 2, 1984 and resulted in 5,671 pages of transcript and the admission of 322 exhibits. At the hearings, NYCAN sought to prove that Niagara Mohawk did not properly compute the pass-along benefits to residential customers derived from the purchase of hydroelectric power from the Power Authority and, therefore, Niagara Mohawk's allocation of such credits violated the terms of Public Authorities Law § 1005 (5). After 27 days of hearings, the PSC rejected NYCAN's proposal and approved Niagara Mohawk's "embedded cost of service" study, used to allocate costs to customers. The Commission concluded that (1) it did not have jurisdiction to make adjustments to rates already set by the Power Authority under its contract with Niagara Mohawk; (2) the existing method of allocation was fair and accorded residential customers the full benefits and credits of Power Authority hydroelectric power to which they were entitled; and (3) the method proposed by NYCAN to determine the allocation of hydropower savings was cumbersome, inaccurate and, in the long run, unlikely to effect changes in the allocation of costs to residential customers.

Thereupon, plaintiffs commenced this action for declaratory judgment relief, *inter alia,* seeking declarations that (a) NYCAN is a third-party beneficiary of the contract between the Power Authority and Niagara Mohawk; (b) the PSC decision approving Niagara Mohawk's rates violated Public Authorities Law § 1005 (5); (c) the statutory and contractual violation unlawfully deprived plaintiffs of their property; and (d) for an injunction enjoining Niagara Mohawk and the Power Authority from failing to comply with the contract in terms of passing along the savings derived from the purchase of hydropower.

After service of an answer, defendants moved to convert the

action to an article 78 proceeding. Special Term denied the motion, concluding that the fixation of rates was a legislative act, reviewable by an action for declaratory judgment relief, not in an article 78 proceeding, and, therefore, a declaratory judgment action to review the rate-making decision was proper.

We disagree and, accordingly, reverse and convert the action to an article 78 proceeding. While Special Term was correct in observing that an article 78 proceeding is an improper vehicle to challenge a legislative act *(Press v County of Monroe,* 50 NY2d 695, 702; *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400, 407), it overlooked the fact that the PSC determination, made after a statutorily required hearing, which was extensive and protracted, was an administrative determination reviewable in an article 78 proceeding, not by an action for declaratory judgment relief *(Matter of Lakeland Water Dist. v Onondaga County Water Auth., supra,* at p 407; *cf. Press v County of Monroe, supra; Solnick v Whalen,* 49 NY2d 224, 230-231).

The underlying principle was crystallized by the Court of Appeals in *Matter of Lakeland Water Dist. v Onondaga County Water Auth. (supra,* at p 407), where Chief Judge Fuld observed: "An article 78 proceeding, it is settled, may not be utilized to review legislative action [citing cases], and an order of an administrative agency fixing rates is deemed a legislative act, at least where no provision has been made for notice and a hearing [citing cases]. Where, however, notice and a hearing are prescribed by statute, the courts have consistently held that rate-making orders, such as those, for instance, of the Public Service Commission, are 'judicial' in the sense that they are reviewable by certiorari or a proceeding in the nature of certiorari [citing cases]".

Here, administrative hearings were held on Niagara Mohawk's request to fix rates, as required by Public Service Law § 66 (12). As noted, these hearings were extensive, covering 27 hearing dates, and the order issued by the Commission was a quasi-judicial determination, not a pure legislative act, as was held at Special Term. As was observed in *Greystone Mgt. Corp. v Conciliation & Appeals Bd.* (62 NY2d 763, 765), "a declaratory judgment action is not the proper vehicle to challenge an administrative procedure, where judicial review by way of article 78 proceeding is available." *(See also, City of New York v State Bd. of Equalization & Assessment,* 60 AD2d 932.)

In both *Solnick v Whalen (supra)* and *Press v County of*

*Monroe (supra),* the court held that each action, instituted as a declaratory judgment action, should have been commenced as an article 78 proceeding and the fact that objections to the determinations were alleged on constitutional grounds did not render article 78 relief unavailable. It was concluded that an article 78 proceeding was the customary procedure to be followed for review of administrative determinations and the parties' commencement of a declaratory judgment action would not preclude application of the four-month Statute of Limitations provided in CPLR 217. Contrary to respondents' argument, the fact that constitutional issues have been raised does not bar review by an article 78 proceeding *(Solnick v Whalen, supra,* at pp 230-231; *Matter of Cahill v Public Serv. Commn.,* 113 AD2d 603, 605).

Inasmuch as an article 78 proceeding was the proper vehicle to challenge the administrative determination, not a declaratory judgment action, the motion should have been granted and the action converted to an article 78 proceeding under CPLR 103 (c) *(see, City of New York v State Bd. of Equalization & Assessment, supra).* Concur—Murphy, P. J., Sullivan, Ross, Kassal and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAN DRAUGHN, Appellant.—Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered on December 12, 1984, unanimously affirmed.