OPINION OF THE COURT
Ira B. Harkavy, J.
Plaintiff moves for an order dismissing defendants’ fifth affirmative defense based on the Statute of Limitations. Defendant cross-moves for an order granting defendants summary judgment and dismissing plaintiff’s complaint on the ground that plaintiff’s action is time barred by having been instituted *948 outside the three-year Statute of Limitations. Defendant further cross-moves for an order dismissing plaintiff’s cause of action to recover $1,527.23 for basic no-fault medical payments pursuant to Insurance Law § 5105.
This is a subrogation action to recover $1,527.23 for basic no-fault medical benefits and $10,000 for bodily injury uninsured motorist protection benefits paid by plaintiff, subrogee, Travelers Indemnity Company (Travelers) as a result of personal injuries sustained by Tieysha Taylor, subrogor, when she was struck by a motor vehicle on October 16, 1987. Tieysha Taylor was 13 years old at the time of the accident and thus legally defined as an infant.
The vehicle that struck Tieysha Taylor was driven by Jzaklun Dimoushsk and was owned by Zulfi Agoli. At the time of the accident it was thought that the vehicle was uninsured. As a result, Travelers paid to Tieysha Taylor basic no-fault benefits in the amount of $1,527.23 and bodily injury uninsured motorists benefits of $10,000 under the policy of Robert Taylor, Tieysha Taylor’s father.
The within action was commenced by personal service of the summons and complaint on defendant Zulfi Agoli on October 29, 1990. To date, Jzaklun Dimoushsk has not been served. Defendant Zulfi Agoli’s attorneys have acknowledged that the vehicle which struck Tieysha Taylor was insured.
In his answer, the defendant alleges that plaintiff’s cause of action is barred by the three-year Statute of Limitations for a negligence action (CPLR 214 [5]). The instant motion followed.
The issue to be decided is whether plaintiff subrogee of an infant subrogor is entitled to the benefit of the tolling of the Statute of Limitations under CPLR 208 by virtue of the legal disability of infancy.
Prior to answering the specific question, a brief discussion of subrogation and the effect of the Statute of Limitations is necessary.
Subrogation has been defined as the substitution of one person in the place of another, so that the person who is substituted succeeds to the rights of the other in relation to a claim, and to its rights, remedies, or securities. (Travelers Ins. Co. v Brass Goods Mfg. Co., 239 NY 273; Citizens’ Trust Co. v Prescott & Son, 131 Misc 884.) Further, a person who is entitled to be subrogated to another person’s rights, securities, or remedies must generally take these as they are, along with their burdens, and subject to any defenses which may be *949 available either against the subrogee or against the other person. Thus, a subrogee does not acquire any greater rights than those of the person for whom the subrogee is substituted. In essence, the subrogee inherits both the strength and infirmity of the subrogor’s position. (23 NY Jur 2d, Contribution, Indemnity, and Subrogation, § 40.)
The position of the subrogor herein is that of an insured infant. As an infant, the Statute of Limitations is tolled pursuant to CPLR 208, which reads in relevant part: "If a person entitled to commence an action is under a disability because of infancy * * * at the time the cause of action accrues, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases * * * the time within which the action must be commenced shall be extended to three years after the disability ceases”. The Statute of Limitations applicable to a cause of action in the instant case, if brought by Tieysha Taylor directly, runs until three years after her 18th birthday, or until 1995.
Considering that under well-established principles of subrogation, the subrogee stands in the shoes of the subrogor, the question now becomes, as stated in Seven Sixty Travel v American Motorists Ins. Co. (98 Misc 2d 509, 512), "when does the Statute of Limitations begin to run on an insurer’s cause of action in subrogation?” The court therein concluded that the Statute of Limitations had run against the insurer’s claim in subrogation because the statute had long since expired as to the claim of its subrogor. In reaching its decision the court relied upon the holding in Williams v Globe Indem. Co. (507 F2d 837, 839, cert denied 421 US 948), that " 'the insurer’s claim by subrogation * * * is subject to the same statute of limitations as though the cause of action were sued upon by the insured’ ” and the holding in Federal Ins. Co. v United Port Serv. Co. (23 Misc 2d 142, affd 12 AD2d 905) that the Statute of Limitations to be applied to a subrogation claim by an insurer is the same one which would be applied if the insured had brought the action directly. In an action based on subrogation, the subrogee is substituted for the subrogor pro tanto.
Also relevant is that a subrogated claim as permitted by CPLR 1004 may still be maintained in the insured’s name.*
Since a subrogated claim is not in any way diminished by *950 the subrogation but is merely taken over by another who stands in the place of the original claimant (Thomas Goodfellow, Inc. v Lyons Trans. Lines, 127 Misc 2d 651), and an insurer subrogee is subject to the same Statute of Limitations as the insured subrogor, we conclude that the plaintiff herein may benefit from the tolling provision of CPLR 208. Clearly the original claimant, Tieysha Taylor, still has a viable cause of action if she were to have brought an action directly, and the within action could’ve been maintained in her name.
The application of the same Statute of Limitations to Travelers as would be applied to Tieysha Taylor confers upon the subrogee the same rights as the subrogor, and places the subrogee in the same position as the subrogor.
Based upon all of the foregoing, plaintiff’s motion for an order dismissing defendants’ fifth affirmative defense based on the Statute of Limitations is granted and defendants’ cross motion for summary judgment on the ground that plaintiff’s action is time barred by the Statute of Limitations is denied.
The part of defendant’s cross motion for an order dismissing plaintiff’s cause of action to recover basic no-fault medical payments is granted to the extent that plaintiff may proceed to recover payment in accordance with Insurance Law § 5105.

 The aim is to prevent the jury from knowing the claim is insured, and *950 in all but name the action is prosecuted and paid for by the insurer. If the insured has been paid only part of the claim, this device enables the action to be maintained in the insured’s name for the entirety of it but with the portion already paid going back to the insurer out of the proceeds. (Siegel, NY Prac § 137, at 207 [2d ed].)