OPINION OF THE COURT
Jones, J.
A declaratory judgment action to challenge a determination adjusting Medicaid reimbursement rates for an individual nursing home facility for lack of procedural due process is time-barred when it is brought more than four months after notification of the rejection of its appeal from the audit on which the adjustments were based and more than four months after notification of its adjusted reimbursement rates.
Plaintiffs are owners and operators of the Dover Nursing Home, a facility which renders care and treatment to sick and elderly patients for which reimbursement is provided under the Federal Medicaid program (US Code, tit 42, § 1396 et seq.). In this State the program is administered by the New York State Department of Social Services, and the rate of reimbursement to eligible nursing homes is determined and certified by the Commissioner of Health and approved by the Director of the Budget pursuant to section 2807 of the Public Health Law predicated in part on costs reported by the facilities. Incident to rate determination, periodic audits of participating nursing homes are conducted by the Department of Health.
During 1975 the department conducted such an audit of the Dover Nursing Home for the year 1969, the reported costs for which year had served as the basis for rates of reimbursement which had been paid for services rendered in portions of 1970 and 1971. The audit report dated December 4, 1975, a copy of which was sent to the nursing home, disallowed $17,987 of expenses that had been reported by the home. On December 22, 1975 by letter addressed to the Department of Health, the facility appealed $9,006 of disallowed items and also sought an additional allowance for commercial rent tax paid. On May *228 20, 1976 the department’s rate review board considered the nursing home’s objections but left undisturbed the report of the audit with respect to the disputed items, allowing only the additional commercial rent tax item when verified. By letter dated June 1, 1976 plaintiffs were notified that the Commissioner of Health had determined, after recommendation by the review board, that the auditor’s judgment should be upheld with the additional allowance for the commercial rent tax. Thereafter, on June 25, 1976, a letter was sent to the nursing home setting forth downward adjustments of reimbursement rates for 1970-1971 based on the 1969 audit, accompanied by advice that the State and local Social Service Departments were being notified of the rate revisions.
On January 6, 1977 plaintiffs commenced the present action for a declaration that any attempted reimbursement rate reduction or recoupment of alleged overpayments as a result of the 1969 audit was illegal by reason of a lack of due process attending the procedure by which the rate reductions had been determined and for an order enjoining recoupment of alleged overpayments of reimbursement (by withholding from current reimbursement) without plaintiffs’ having "a full adversary due process hearing before an impartial trier of fact”. Defendants’ answer pleaded an affirmative defense of Statute of Limitations.
Special Term, holding untenable the Statute of Limitations defense, granted judgment favorable to plaintiffs declaring the challenged reimbursement rate adjustments void, enjoining collection of recoupment, and remanding the matter to the Commissioner of Health for a due process hearing on plaintiffs’ challenges to the rate reductions. The Appellate Division, concurring in Special Term’s holding that the action was not time-barred, modified the lower court’s order by deleting the declaration of invalidity and the injunction against recoupment and amending the remand provision to direct that a hearing be held by the Commissioner of Health within 90 days of the effective date of the prospective Medicaid rate adjusted to recoup overpayment resulting from the 1969 audit.
We reverse and dismiss the action on the ground that it was instituted beyond the time within which it could properly be brought.
In rejecting defendants’ claim of untimeliness the Appellate Division applied the six-year Statute of Limitations prescribed by CPLR 213 (subd 1) for "an action for which no limitation is *229 specifically prescribed by law”, and concluded that plaintiffs’ action was timely, having been instituted less than seven months after notification on June 25, 1976 of the reimbursement rate adjustments made pursuant to the 1969 audit and only slightly more than six months after notification on June 1, 1976 that the Commissioner of Health had rejected their appeal of the audit report; it held inapplicable the four-month limitation period provided by CPLR 217 for proceedings against a body or officer, which defendants contended barred the action.
The critical question is which Statute of Limitations determines the time within which this declaratory judgment action must have been brought. An examination of CPLR article 2— the article devoted to "Limitations of Time” — discloses that no general period of limitation is specifically prescribed therein for a declaratory judgment action; nor is one to be found in any other statutory provision. That is not to say however that the six-year catch-all limitation of CPLR 213 (subd 1) therefore automatically or necessarily governs all such actions. The declaratory judgment action, a fairly new entrant on the civil procedure field of New York,[1] is peculiarly different from the actions listed in article 2 and there assigned limitation periods, in that the latter actions seeking coercive relief are described (except in the catch-all provision of CPLR 213, subd 1) by reference to the gravamen of the claim or the status of the defendant party. No such description attaches genetically to actions for declaratory relief instituted pursuant to CPLR 3001; it is the nature of the relief sought — i.e., declaratory as distinguished from coercive — rather than its substance, which gives the action its identity.
In order to determine therefore whether there is in fact a limitation prescribed by law for a particular declaratory judgment action it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought — factors we have previously identified as pertinent to selection of the applicable Statute of Limitations (Sears, Roebuck & Co. v Eneo Assoc., 43 NY2d 389, 396). If that examination reveals that the rights of the parties sought to be stabilized in the action for declaratory relief are, or have been, open to resolution through a form of *230 proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action. In that event there is a limitation specifically prescribed by law and the catch-all provision of CPLR 213 (subd 1) is not applicable. If the period for invoking the other procedural vehicle for relief has expired before the institution of the action for declaratory relief, the latter action also is barred. If the alternative action or proceeding is not time-barred, however — as will often be the case in light of the fact that declaratory judgment actions are frequently brought before there has been conduct which might give rise to a right to remedial or coercive relief — then a challenge of untimeliness addressed to the declaratory judgment action must fail. A salutary result of the application of the limitation period appropriate to the other form of judicial proceeding will be to preclude resort by a dilatory litigant to the declaratory remedy for the purpose of escaping a bar of time which has outlawed the other procedure for redress (see Mundy v Nassau County Civ. Serv. Comm., 44 NY2d 352, 358). If no other form of proceeding exists for the resolution of the claims tendered in the declaratory judgment action, the six-year limitation of CPLR 213 (subd 1) will then be applicable.
The same consequence would follow from the application of what has been labeled the "next nearest context standard”— "Inquire into the kind of action that would have been most likely to raise the same substantive issues had there been no declaratory action available, and determine what the statute of limitations would have been on such next-nearest action. Then just apply that statute of limitations to the declaratory action, not only as to what the basic period is, but as to other relevant matters, such as moment of accrual (which starts the statute running) and the like.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3001, C3001:18, pp 369-370; cf. 1 Weinstein-Korn-Miller, NY Civ Prac, par 213.02, p 2-229.)
The next necessary inquiry must therefore be whether there was some other form of judicial proceeding — barred by its limitation period at the time this action was commenced— which was available to plaintiffs for resolution of their challenge to the downward revision of their reimbursement ratés. Defendants correctly identify such a vehicle as a proceeding instituted pursuant to CPLR article 78 to review the determination made by the State agency. The fact that the challenge *231 mounted to defendants’ determinations is stated in terms of a constitutional objection (denial of due process hearing rights) does not serve to make unavailable an article 78 proceeding— the customary procedural vehicle for review of administrative determinations. That procedure was used without objection for the assertion of due process challenges to regulations for computation of hospital reimbursement rates in Matter of Jewish Mem. Hosp. v Whalen (47 NY2d 331).[2] In the case now before us the asserted lack of due process in the determination of the rate of reimbursement for plaintiffs was available as a question for review in such a proceeding under the third question authorized by CPLR 7803 — whether the "determination was made in violation of lawful procedure [or] was affected by an error of law”.
Plaintiffs’ reliance on Matter of Lakeland Water Dist. v Onondaga County Water Auth. (24 NY2d 400, 407) as authority for the proposition that "an order of an administrative agency fixing rates is deemed a legislative act” reviewable only in an action for a declaratory judgment, not in a proceeding under article 78, and that, consequently, an article 78 proceeding was not an alternative available to them in which to assert their challenges to the reimbursement rate adjustments fixed by defendants, is misplaced. Neither Lakeland Water Dist. nor the cases following and applying it in our court have involved situations such as the present in which the attack has been addressed to individualized rates established for a particular litigant. In Lakeland Water Dist. the challenge was to a resolution by the County Water Authority adopting an across-the-board schedule which increased rates and charges of the authority applicable to all its customers. Thereafter, the proscription against use of article 78 proceedings for challenges to the constitutionality of general legislative acts was restated when such attacks were launched on a zoning ordinance (Matter of Overhill Bldg. Co. v Delany, 28 NY2d 449), on a section of the Real Property Law (Matter of Gold v Lomenzo, 29 NY2d 468), on a provision of the New York City Rent Stabilization Law (Matter of Kovarsky v Housing & Dev. Admin, of City of N. Y., 31 NY2d 184) and on a section of the Highway Law (Matter of Du Bois v Town Bd. of Town of New Paltz, 35 NY2d 617). In each of the cited *232 instances the subject of the claim of unconstitutionality, for which an article 78 proceeding was held to be an inappropriate remedy, was a rate increase, ordinance, local law or statute of general applicability (truly to be regarded as "legislative” action); in none was the object of attack an ad hoc determination of an individual party’s right of reimbursement —a determination more accurately classified as administrative rather than legislative.[3]
This result is consonant with sound public policy, particularly where the action sought to be reviewed is that of a regulatory governmental agency. "The reason for the short statute is the strong policy, vital to the conduct of certain kinds of governmental affairs, that the operation of government not be trammeled by stale litigation and stale determinations”. (Mundy v Nassau County Civ. Serv. Comm., 44 NY2d 352, 359, Breitel, Ch. J., dissenting, supra.) Of special significance in the present instance is the impact on State and local budgetary planning which application of a six-year Statute of Limitations would introduce. One can visualize the fiscal complexity which would ensue if financial planning for a program with the broad ramifications of Medicaid were subjected to individual challenges for a period of up to six years. Moreover, one would expect that the financial planning of the providers of services as well would be benefited by prompt *233 resolution of controversies with respect to final reimbursement rate determinations.
Finally, there remains the question whether the article 78 proceeding that was available to plaintiffs to review the rate adjustments following the 1969 audit would have been time-barred when the present declaratory judgment action was commenced on January 6, 1977. It is clear that it would have been. Whether the right to institute such a proceeding be deemed to have accrued on June 1, 1976 when notice was given of the department’s rejection of the nursing home’s appeal from the 1969 audit or on June 25, 1976 when plaintiffs were notified of the actual reimbursement rate adjustments applicable as a result of the audit, more than the four months permitted by CPLR 217 for the institution of an article 78 proceeding had elapsed by January 6, 1977. It follows, from what has been said, that the declaratory judgment action then commenced was untimely.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the action dismissed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
Order reversed, etc.

. The declaratory judgment first became available in this State with the enactment of section 473 of the Civil Practice Act in 1921.

. The respondents in that case contended that the proceeding was barred by the four-month Statute of Limitations. We held, however, that the proceeding had been instituted within four months of its accrual.

. We note that the Appellate Division, Third Department, in cases instituted as article 78 proceedings to review individual Medicaid reimbursement rates, relying on the Lakeland Water Dist. case, has stated that an article 78 proceeding was not the proper vehicle, and pursuant to CPLR 103 (subd [c]) has converted the litigation to declaratory judgment actions (e.g., Matter of Broadacres Skilled Nursing Facility v Ingraham, 51 AD2d 243; Matter of White Plains Nursing Home v Whalen, 53 AD2d 926, affd 42 NY2d 838, mot for rearg den 42 NY2d 1015, cert den 434 US 1066; Matter of Park Crescent Nursing Home v Whalen, 55 AD2d 801, app dsmd 42 NY2d 975). In Matter of Birchwood Nursing Home v Whalen (70 AD2d 1020) the statement was again made but the court awarded what it regarded as proper article 78 relief, different from that requested by the petitioner. In an earlier similar proceeding the court had declined to determine the proper character of litigation to challenge individual nursing home reimbursement rates, noting both the Lakeland Water Dist. case and the fact that the Court of Appeals had only recently reviewed a nursing home rate determination regulation in an article 78 proceeding in Matter of Sigety v Ingraham (29 NY2d 110), and entertained the suit "whether it be an article 78 proceeding or, in the alternative, an action for declaratory judgment” (Matter of Severino v Ingraham, 45 AD2d 564, 565). The article 78 — declaratory judgment issue has never heretofore been presented for review in our court in the context of a challenge to an individual reimbursement rate. We observe that in none of the cases in the Third Department does it appear that a limitations problem was presented, nor does it appear that any practical consequence turned on whether the action was treated as an article 78 proceeding or as a declaratory judgment action.