49 N.Y.2d 986 (1980)
Board of Education of the Altmar-Parish-Williamstown Central School District et al., Respondents,
v.
Gordon Ambach, as Commissioner of Education of the State of New York, Appellant.
Court of Appeals of the State of New York.
Argued March 25, 1980.
Decided April 29, 1980.
Kenneth Pawson, Robert D. Stone and Louis H. J. Welch for appellant.
Edward A. O'Hara, III, and Marc H. Reitz for respondents.
Chief Judge COOKE and Judges JASEN, GABRIELLI, JONES, WACHTLER, FUCHSBERG and MEYER concur in memorandum.
*987 MEMORANDUM.
The order of the Appellate Division should be reversed, with costs, and the complaint dismissed.
Plaintiffs' action should be dismissed as being time-barred. In this action, plaintiffs seek review of the Department of Education's determination limiting State aid reimbursement for the cost of acquiring facilities from the State Dormitory Authority (see Education Law, § 1950, subd 13) by utilizing the cost allowance scheme set forth in subdivision 6 of section 3602 of the Education Law. Although this action is one for a declaratory judgment, inasmuch as the resolution of rights sought by the parties could have been obtained in a CPLR article 78 proceeding, the applicable Statute of Limitations is the four-month statute governing proceedings under article 78. (Solnick v Whalen, 49 N.Y.2d 224.)
Here, plaintiffs learned of the Department of Education's determination to limit reimbursement by utilizing cost allowances on May 24, 1976, at a meeting with officials of the Education Department's division of finance. Certainly, the right to institute this action would have accrued no later than September 15, 1976, the date upon which the first reimbursement payment, reflecting cost allowances, was made. Thus, the instant action, commenced some 10 months thereafter, must be deemed time-barred.
Order reversed, etc.