OPINION OF THE COURT
Jones, J.
An action for a judgment declaring invalid the assessment rolls of a sewer district as affirmed and adopted by the county legislature pursuant to section 271 of the County Law on the ground that the underlying rate schedule was unconstitutional is time-barred unless instituted within four months after such affirmation and adoption.
Plaintiffs are the owners of property improved with garden apartments, known as "Poplar Gardens Apartments”, located in the Town of Gates, Monroe County, within the boundaries of defendant Gates-Chili-Ogden Sewer District. In the preparation of the assessment roll for the sewer district for the year 1973, pursuant to section 271 of the County Law, the administrative board of the sewer district on August 16, 1972 adopted a proposed amended rate schedule which imposed a flat dollar charge per unit on structures containing one, two or three dwelling units but classified apartment, duplex and townhouse complexes (which included any structure or series of structures located within a single lot or tax account number containing four or more dwelling units) differently. As to such apartment complexes, the number of units assigned for computation of the sewer assessment was initially determined on the basis of assigning a half unit to an efficiency (studio and one bedroom), three quarters of a unit to a two-bedroom apartment, and a full unit to a three-bedroom apartment. The sewer assessment was then computed by multiplying the number of assigned units so determined by the flat dollar charge, unless the particular apartment complex consumed a total of more than 60,000 gallons per such unit per fiscal year, *700 in which event the particular complex would be charged on the basis of water actually consumed, i.e., the number of units would be determined by dividing the gallons of water consumed by 60,000, and the number of such units would then be multiplied by the flat dollar rate.
In determining the 1973 sewer assessment on plaintiffs’ property the sewer board converted the 135 garden apartments to 113 assigned units, which, multiplied by the flat dollar rate for that year, produced a proposed sewer assessment of $11,092. The sewer district assessment roll containing this figure was filed with the Monroe County Legislature on September 6, 1972, and after a public hearing on September 30, 1972 was affirmed and adopted by the county legislature on October 11, 1972 in conformity with section 271 of the County Law.
In 1974 the administrative board of the sewer district, employing the same rate schedule with a revised flat dollar charge, prepared the assessment roll for 1975. Inasmuch, however, as the water consumption on plaintiffs’ property had exceeded the critical figure, the assessment this time was based on 9.6 million gallons of water consumed, which was divided by 60,000 to arrive at a sewer assessment based on 160 units, resulting in a tax levy of $20,001. The 1975 assessment roll with this figure was filed with the county legislature on September 12, 1974 and after a public hearing was affirmed and adopted by it on October 22, 1974.
The following year, in similar fashion, the administrative board of the sewer district prepared the assessment roll for 1976. Plaintiffs’ assessment was again based on water actually consumed, this time 8.38 million gallons, which was divided by 60,000 gallons to arrive at 140 units producing a tax levy of $17,501. The 1976 assessment roll including this figure was filed with the county legislature on September 16, 1975, which after a public hearing on October 4, 1975 affirmed and approved the roll as filed on October 7, 1975.
On June 28, 1978 plaintiffs commenced the present action for a declaration that the 1973, 1975 and 1976 assessment rolls were void by reason of the unconstitutionality of the underlying rate schedule which treated apartment complexes differently from other dwelling units within the sewer district. Respondents moved to dismiss the complaint under CPLR 3211 (subd [a], par 5) on the ground that the action was barred by the applicable Statute of Limitations, which they asserted *701 was four months (CPLR 217) inasmuch as the challenged determinations could have been reviewed in a CPLR article 78 proceeding.
Special Term denied the motion to dismiss, treated it as a motion for summary judgment and, pursuant to CPLR 3211 (subd [c]) ordered an immediate trial on the issue of asserted unconstitutionality of the underlying rate classification. The Appellate Division reversed and dismissed the action on the ground that it was not commenced within four months after the adoption of the assessment rolls for the three years in question. There should be an affirmance.
The disposition of the appeal in this case turns on the identification of the Statute of Limitations that is applicable to this declaratory judgment action. We agree that it is the four-months statute of CPLR 217 and accordingly, that this action was properly dismissed as time-barred.
As we have recently stated in Solnick v Whalen (49 NY2d 224, 229-230): "In order to determine therefore whether there is in fact a limitation prescribed by law for a particular declaratory judgment action it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought * * * If that examination reveals that the rights of the parties sought to be stabilized in the action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action. In that event there is a limitation specifically prescribed by law and the catch-all provision of CPLR 213 (subd 1) is not applicable. If the period for invoking the other procedural vehicle for relief has expired before the institution of the action for declaratory relief, the latter action also is barred.”
In this case, as in Solnick, the controversy between these parties could and, as the Appellate Division noted, should more properly have been resolved in a proceeding instituted under CPLR article 78 to review each determination of the county legislature when it affirmed and approved the assessment roll of the sewer district for each particular year. The circumstance that the action sought to be reviewed is that of a legislative body, here the Monroe County Legislature, does not stamp that action as "legislative” for purposes of determining whether challenges to the constitutionality of its action may *702 be raised by means of an article 78 proceeding or whether recourse must necessarily be had for such purpose to an action for a declaratory judgment.
It is to be observed that we have had frequent occasion to state that an article 78 proceeding is not the proper vehicle to challenge the constitutionality of legislative enactments. In most of the cases the application of this principle has been of no practical significance inasmuch as the courts, in reliance on CPLR 103 (subd [c]) have promptly remedied any procedural infirmity by converting the article 78 proceeding to a declaratory judgment action or other appropriate proceeding and thereupon marched on to the merits. (E.g., Matter of Ames Volkswagen v State Tax Comm., 47 NY2d 345, 348 [article 78 challenge to constitutionality of Tax Law, § 1137-A, converted to declaratory judgment action]; New York Public Interest Research Group v Steingut, 40 NY2d 250, 254 [article 78 challenge to constitutionality of chapter 460 of the Laws of 1975 converted to declaratory judgment action]; Matter of Friedman v Cuomo, 39 NY2d 81, 83 [article 78 proceeding challenging constitutionality of chapters 29 and 30 of the Laws of 1976 converted to special proceeding under Election Law, § 330]; Matter of Merced v Fisher, 38 NY2d 557, 559. [article 78 proceeding challenging constitutionality of Vehicle and Traffic Law, § 332, converted to declaratory judgment action]; Boryszewski v Brydges, 37 NY2d 361 [article 78 challenge to Retirement and Social Security Law, § 80-a, converted to declaratory judgment action]; Matter of Du Bois v Town Bd. of Town of New Paltz, 35 NY2d 617, 621 [article 78 proceeding challenging constitutionality of Highway Law, § 277, converted to declaratory judgment action]; Matter of Kovarsky v Housing & Dev. Admin. of City of N. Y, 31 NY2d 184, 191-193 [article 78 proceeding challenging constitutionality of New York City Administrative Code, § YY51-6.0, subd c, par [9], cl [a], converted to declaratory judgment action]; Matter of Gold v Lomenzo, 29 NY2d 468, 476 [article 78 proceeding challenging constitutionality of Real Property Law, § 441-c, converted to declaratory judgment action]; cf. Matter of Lakeland Water Dist. v Onondaga County Water Auth., 24 NY2d 400, 406-409 [article 78 proceeding challenging general rate-fixing order of administrative agency as "excessive, arbitrary and capricious” converted to declaratory judgment action]). In one instance the court proceeded to consider the merits of a constitutional challenge to chapter 1012 of the Laws of 1971 without stop *703 ping to convert the article 78 proceeding to a declaratory judgment action (Matter of 241 East 22nd St. Corp. v City Rent Agency, 33 NY2d 134, 142, n 2). It appears that no Statute of Limitations issue was presented in any of these cases (see Solnick v Whalen, 49 NY2d 224, 232, n 4, supra). In none of these cases has the plaintiff suffered in consequence of having initially chosen the inappropriate procedural vehicle for the resolution of his claim. Compare, however, Matter of Overhill Bldg. Co. v Delany (28 NY2d 449), in which, after concluding that the article 78 proceeding was improper, the court was not able to convert the proceeding to a declaratory judgment action because of the absence of necessary parties. No case has been found in which the court failed to come to the plaintiffs rescue by exercising its CPLR 103 (subd [c]) powers of conversion where it was possible to do so.
In only two cases prior to the present does it appear that a Statute of Limitations issue has been raised. In Matter of Jewish Mem. Hosp. v Whalen (47 NY2d 331 [article 78 proceeding challenging retroactive application and substance of hospital reimbursement rates fixed by Commissioner of Health]) it was asserted that the four-month period of limitations under CPLR 217 had expired, but we held that the action had been instituted within that period. Then in Solnick v Whalen (49 NY2d 224, supra [action for declaratory judgment challenging determination of Commissioner of Health adjusting nursing home reimbursement rates for lack of procedural due process]) we held the declaratory judgment action barred because the available counterpart article 78 proceeding would have been barred by the four-month Statute of Limitations.
Here, as in Solnick, the issues sought to be raised by plaintiffs in the declaratory judgment action could have been raised by them in a proceeding instituted under article 78. The action of the Monroe County Legislature sought to be reviewed was not "legislative” in the precise sense of that term; even in a technical sense the action in each year was taken by adoption of a resolution, not enactment of a local law. No statutory provision was enacted; no action was taken which would have any carry-over effect beyond the particular assessment year. The underlying property classification plan to which plaintiffs direct their constitutional attack was not itself adopted or enacted; no repealer would have been required had the sewer district elected to change to another rate *704 schedule in any following year. By whatever term of classification the action of the county legislature might be described, e.g., administrative, quasi-administrative or otherwise, judicial review could properly have been sought and obtained under article 78.
That being the case, inasmuch as the article 78 proceeding would have been time-barred in June, 1978 when the present declaratory judgment action was commenced, this action, too, was time-barred (Solnick v Whalen, 49 NY2d 224, supra).*
As in Solnick, so here too, this result is consonant with sound public policy. Inasmuch as any unit of municipal government is dependent for operating funds on the collection of taxes and assessments and in turn such collection depends on the apportionment of the lump-sum revenue required among the many taxpayers, all considerations of practicality and fairness dictate that the necessary allocation of tax burden be concluded speedily. To permit taxpayers to defer their challenges for a period of several years would be to expose the fiscal planning of the municipal unit to the risk of wholly unacceptable retroactive disruption. (Cf. New York Cent. & Hudson Riv. R. R. Co. v City of Yonkers, 238 NY 165, 179; Mundy v Nassau County Civ. Serv. Comm., 44 NY2d 352, 359, Breitel, Ch. J., dissenting.)
For the reasons stated, the order of the Appellate Division should be affirmed, with costs.

 Note that we do not say that a declaratory judgment is an improper procedural means to present the issues for judicial review. We do say that that remedy is time-barred here.
In view of the ground on which we place our affirmance, it is not necessary to reach or consider the possible application of the doctrine of exhaustion of administrative remedies addressed at the Appellate Division.