■ UNION SAVINGS BANK OF LONG ISLAND, Respondent, v MURIEL SIE-BERT, as Superintendent of Banks of the State of New York, et al., Appellants.—In an action, *inter alia,* to declare certain rules of defendant New York State Banking Board unconstitutional, defendants appeal from an order of the Supreme Court, Suffolk County, dated June 2, 1980, which granted plaintiff's motion for a preliminary injunction and denied their cross motions to dismiss the causes of action asserted in the complaint. Order modified, on the law, by (1) deleting from the first decretal paragraph thereof the words "and the State Defendants"; and (2) deleting the second and third decretal paragraphs thereof and substituting therefor provisions granting the cross motions to the extent of dismissing the first and second causes of action and otherwise denying the cross motions. As so modified, order affirmed, without costs or disbursements. In this declaratory judgment action, plaintiff's first and second causes of action, brought two years after the causes of action accrued, are barred by the Statute of Limitations (see *Solnick v Whalen,* 49 NY2d 224; *Press v Monroe County,* 50 NY2d 695; CPLR 217). The act complained of, the decision by the State defendants to approve the Dime Savings Bank's branch application, was an administrative act subject to review pursuant to CPLR article 78 (see *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6). Accordingly, the period of limitation for this declaratory judgment action is governed by the limitations period for a CPLR article 78 proceeding (see *Solnick v Whalen, supra; Press v Monroe County, supra;* CPLR 217). Therefore, the first and second causes of action

are untimely. We note that the third cause of action was commenced within the four-month limitations period (see CPLR 217). In addition, elements of the first and second causes are impliedly present in the surviving cause of action and may be resolved by the trial court. Special Term was well within its discretion in granting plaintiff a preliminary injunction. However, as to the State defendants, such relief is unnecessary and improper. The State defendants have already acted to the full extent of their powers and no further action is required in relation to the Dime's relocation application. Under these circumstances a preliminary injunction does not lie (see CPLR 6301). We have considered the remaining arguments and find that they may be better resolved by the trial court. Damiani, J. P., Gibbons, Gulotta and Martuscello, JJ., concur.