OPINION OF THE COURT
John R. Tenney, J.
The New York State Urban Development Corporation (UDC) seeks to foreclose its mortgage on the Townsend Tower Project because it is in default for nonpayment.
The defendant raises several affirmative defenses and counterclaims. Among others is the argument that UDC has controlled the project from its inception and, therefore, has the power to create the default position by refusing to authorize increased rentals. It further contends that UDC designed the project and permitted the use of certain materials which decrease the marketability of the project.
Defendant contends it was promised a “work out” arrangement and is being compelled to work out an unfair arrangement under the duress of foreclosure which is defeating the legislative purpose of the UDC.
Plaintiffs contend that the same or similar issues have been raised in other cases and rejected. (New York State Urban Dev. Corp. v Garvey Brownstone Houses, Supreme Ct, Kings County, Nov. 3, 1980, affd 98 AD2d 767; New *778 York State Mtge. Loan Enforcement & Admin. Corp. v Broadway East Houses, Supreme Ct, Ulster County, April 22,1983.) These cases address some of the defenses and are dispository of them but do not address the “control” issue.
First, there is no public policy established prohibiting foreclosure in UDC projects. Second, the statute prohibits UDC from operating as a partner or a joint venturer. In any case, such a relationship requires an agreement between the parties. (Martin v Peyton, 246 NY 213; Schlesinger v Regenstreif, 26 Misc 2d 604.)
Even if UDC participated in the selection and approved of the original design which was faulty, it would be irrelevant. The expertise of UDC was available to defendant but not to the extent of precluding defendant from planning its own project so long as it met the prescribed standards. The “Sarabond” issue and the design arguments are without merit for the same reason but also because no damage is shown by the affidavits.
The argument that the failure to approve a sufficient rent increase must also fail. Absent proof of some wrongful act, there is nothing in the statute which requires the plaintiff to approve all of defendants’ requests for increased rent. The proper procedures were followed (9 NYCRR 2102.1 et seq.), and a decision was rendered. That decision was subject to review under CPLR article 78. This procedure was not followed, and the limitation period has expired. A collateral attack on that determination is not proper as a defense to a foreclosure proceeding. (Solnick v Whalen, 49 NY2d 224.)
The other questions raised by defendant need not be addressed any further, and plaintiff’s motion for summary judgment is granted.