■ New York State Restaurant Association, Inc., et al., Appellants-Respondents, v State of New York, Respondent-Appellant, and City of New York et al., Respondents. — Order of the Supreme Court, New York County (Stanley Ostrau, J.), entered on February 6, 1984, which denied plaintiffs' motion for a preliminary injunction and denied the motion by defendant State of New York to dismiss the complaint against it, is modified, on the law, to the extent of granting the motion by defendant State of New York to dismiss the complaint against it for failure to state a cause of action and otherwise affirmed, without costs or disbursements.

Although suits against the State primarily seeking money damages should be brought in the Court of Claims (*Cass v State of New York*, 58 NY2d 460; *Schaffer v Evans*, 57 NY2d 992), it is clear that a declaratory judgment action in the Supreme Court is an appropriate means to attack the constitutionality of a statute. (*Cass v State of New York, supra; Press v County of Monroe*, 50 NY2d 695.) However, in the instant matter, which involves a challenge to chapter 221 of the Laws of 1980, amending subdivision (d) of section 558 of the New York City Charter,

the only allegations against the State of New York relate to the fact that the State enacted the legislation at issue. There is no assertion that the State is responsible for the enforcement of this statute or the imposition of any penalties pursuant thereto or that the State has ever attempted to institute enforcement proceedings against plaintiffs. Indeed, chapter 221 expressly authorizes the Board of Health or an administrative tribunal established by the Board of Health to enforce the provisions in question. Consequently, the complaint fails to state a cause of action against defendant State of New York and Special Term should have granted the State's motion to dismiss. Concur — Sandler, J. P., Sullivan, Silverman and Milonas, JJ.