■ Association for Improvement in Mohegan, Inc., Respondent, v Town of Cortlandt, Appellant.—In an action, *inter alia,* for a judgment declaring that certain seasonal cottages in the Town of Cortlandt are "legal nonconforming structures" and further declaring that said structures may be lawfully converted to year-round use without violating the town code, the defendant Town of Cortlandt appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated November 24, 1986, which denied its motion to dismiss the complaint on the ground, *inter alia,* that the action is barred by the applicable Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the motion to dismiss is granted, and the complaint is dismissed.

In order to determine the Statute of Limitations applicable to a particular declaratory judgment action, the substance of the action must be examined to identify the relationship out of which the claim arises and the relief sought *(see, Solnick v Whalen,* 49 NY2d 224, 229). If it is determined that the underlying dispute can be or could have been resolved through a form of action or proceeding for which a specific limitation period is statutorily provided, that limitation period governs the declaratory judgment action rather than the catchall six-year limitation set forth in CPLR 213 (1) *(see, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202).

In the instant case the plaintiff asked the Zoning Board of Appeals, *inter alia,* to hold that the conversion of certain summer cottages to year-round use would not be an unlawful expansion of a nonconforming use. The Zoning Board held that the conversion which the plaintiff wanted to undertake would, in fact, be an unlawful expansion of a nonconforming use. The plaintiff could have reviewed this determination by the Zoning Board of Appeals by bringing a CPLR article 78

proceeding within 30 days after a decision was filed in the office of the town clerk (Town Law § 267 [7]). Instead, almost one year later, the plaintiff commenced the instant declaratory judgment action against the Town of Cortlandt to declare, *inter alia,* that the subject structures may be lawfully converted to year-round use. Since the underlying dispute could have been resolved through a CPLR article 78 proceeding for which a specific 30-day limitation period is statutorily provided, that limitation period governs. Accordingly, the town's motion to dismiss the instant action should have been granted since the action was not commenced within the 30-day time period. We note that even if the four-month limitation period set forth in CPLR 217 were applicable, the action would still not have been timely commenced. Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.