OPINION OF THE COURT
Joseph W. Latham, J.
INTRODUCTION
This may well be the first time a court has been asked to review a decision by a Board of Assessment Review (B.A.R.) in which the B.A.R. refused to ratify a stipulation entered into between the property owner and the town assessor.
The petitioner seeks mandamus relief pursuant to CPLR 7801 through 7804 in conjunction with review of the respondent’s decision to not ratify the assessed value stipulated by the petitioner and the assessor for the Town of Hornellsville. The respondent’s cross motion seeks to have the petition dismissed, contending:
(1) this special proceeding is barred by the Statute of Limitations pursuant to Real Property Tax Law § 702 (2);
(2) the Board of Assessment Review refused to ratify the stipulation pursuant to its power and authority under RPTL 524 (3) and 525 (3) (a); and
(3) the petition was not properly served pursuant to RPTL 708 (3).
The petitioner was represented in this matter by Brian Schu, Esq. The respondent was initially represented by Edward F. Premo, II, Esq., of Harter, Secrest & Emery L. L. P.; however Town Attorney Patrick F. McAllister, Esq., appeared for the respondent on November 8, 1999 to present oral argument.
*689 In support of its application the petitioner filed its notice of petition and petition dated September 13, 1999 and September 9, 1999, respectively. The petition was verified on September 13, 1999. In response, the respondent submitted a verified answer dated November 2, 1999, certified return receipt dated November 2, 1999, notice of cross motion dated November 2, 1999, affidavit by June Shearer (chairperson for the Hornells-ville Board of Assessment Review) dated November 2, 1999, affidavit by Edward F. Premo, II, Esq., dated November 2, 1999, and a memorandum in support of motion to dismiss and in opposition to verified petition dated November 2, 1999.
In 1996 (L 1996, ch 541, §§ 1, 2), the Legislature amended article 5 of the Real Property Tax Law. The amendments created a new method of compromise resolution for the dissatisfied property owner who challenges the assessed value of a parcel on the tentative tax roll. If the property owner and the assessor agree on a value, they may enter into a stipulation which determines the parcel’s final assessment after ratification by the B.A.R. on grievance day.
Before enactment of the 1996 amendments a property owner’s sole remedy was to proceed before the B.A.R. by employing the formal grievance process. The assessor had no authority to change any parcel’s assessment after completing the tentative tax roll. Any changes in assessment were granted by the B.A.R. At issue before this court is the meaning of the 1996 amendments, the respective roles and authority of the assessor and the B.A.R. under the new procedures, and the legal procedures to be followed if an aggrieved taxpayer is ultimately dissatisfied with the result obtained through the stipulation process.
BACKGROUND
The petitioner’s clubhouse and approximately 50-acre nine-hole golf course with additional undeveloped land comprise a 214-acre parcel in the Town of Hornellsville, Steuben County, New York. The 5,949-square-foot clubhouse is in need of repair. In 1993 through 1994 the Town of Hornellsville performed town-wide reevaluation. During the reevaluation the petitioner’s property was assessed at $771,300. The parcel’s assessment was reduced to $420,400 by the assessor in 1995. That reduction in assessment was not reviewed by the B.A.R. because the assessor had listed the lower valuation on the tentative tax roll and no complaint was filed to challenge the assessment. From 1995 through 1999 the assessed value *690 remained $420,400. Between May 1, 1999, when the assessor completed the tentative tax roll, and May 25, 1999 when the B.A.R. convened on grievance day, the petitioner filed a complaint pursuant to article 5 of the Real Property Tax Law. On May 17, 1999 the petitioner and the town assessor entered into an agreement and signed a stipulation pursuant to the 1996 amendments to RPTL 524. In addition to this stipulation the assessor entered into a number of other stipulations with other property owners.
When the B.A.R. convened on May 25, 1999, the assessor presented the various stipulations to the B.A.R. for ratification. The B.A.R. conducted a parcel-by-parcel review of each proposed stipulation and questioned the assessor as to the reason and basis for the stipulated change. The B.A.R. refused to ratify five stipulations; the petitioner’s was one of the stipulations not ratified.
On June 30, 1999, the B.A.R. sent the petitioner a notice that it had refused to ratify the stipulation. That notice stated “the assessor failed to provide sufficient data to support reduction.” The Town’s final assessment roll was filed on July 1, 1999, and notice of such filing was published in its official newspaper on or about July 7, 1999. The petitioner commenced this proceeding on September 17, 1999.
APPLICABLE LAW AND LIMITATIONS
(Limitations)
The petitioner is not requesting a review under RPTL 702, but instead seeks mandamus relief under CPLR 7801 through 7804. Consequently, CPLR 217 (1) controls; RPTL 702 does not.
RPTL 524 (3) states: “Where such stipulated assessed value is entered on the final assessment roll, no review of the assessment shall be allowed pursuant to article seven of this chapter.” In cases where the B.A.R. ratifies the stipulation, article 7 review is clearly prohibited. However, the statute is silent as to what review is available should the B.A.R. fail to ratify a stipulation. In fact, nowhere in the statutory amendments does the law address what happens if a stipulation is not ratified. It is the opinion of the New York State Office of Real Property Services Office of Counsel that a mandamus action under CPLR article 78 (not RPTL art 7) is the only review available in the event the B.A.R. rejects a stipulation. (10 Opns Counsel SBRPS No. 37 [1997].)
*691 Inapplicable as it is in this case, Real Property Tax Law § 702 defines the Statute of Limitations applicable for a proceeding to review the assessment of real property. That section requires that the proceeding be commenced within 30 days after the last day to file the final assessment roll, or the giving of notice of the filing of the final assessment roll, whichever is later. In this case, the publication date, July 7, 1999, is controlling. Pursuant to RPTL 702 the petitioner’s time to file for article 7 review of its assessment expired in August 1999, more than 30 days before the present action was commenced.
The Statute of Limitations applicable in this case, and to mandamus actions generally under CPLR article 78 is four months. CPLR 217 (1) provides: “Unless a shorter time period is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding.” The respondent contends that RPTL 524 and 525 do not authorize a mandamus action as a basis for the relief sought by the petitioner. The respondent also alleges that the one-month Statute of Limitations under RPTL 702 is applicable, and is the “shorter time period” contemplated by CPLR 217 (1). The respondent’s arguments are without merit in this regard. The petitioner’s commencement of an article 78 mandamus action is appropriate.
A mandamus action commenced to resolve the dispute of the assessment of real property is subject to the four-month Statute of Limitations. (Press v County of Monroe, 50 NY2d 695 [1980].) Accordingly, the respondent’s motion to dismiss the petition based on the Statute of Limitations defense is denied. The “act” the petitioner wishes to have reviewed took place within the four-month period. The petitioner’s timely commencement of its article 78 mandamus proceeding in September 1999 was well within the following four months.
A mandamus action affords the petitioner a narrow scope of review, to consider only one or more of the following elements of CPLR 7803:
“1. whether the body or officer failed to perform a duty enjoined upon it by law; or
“2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
“3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discre- *692 tian as to the measure or mode of penalty or discipline imposed; or
“4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.” (Note: If the issue to be reviewed falls under this fourth item the trial court is required to transfer the matter to the appropriate Appellate Division for determination.)
(Violation of RPTL 708 [3])
The respondent contends that the petition must be dismissed because the petitioner did not serve the school district pursuant to RPTL 708 (3). There is no question that the school district was not served. However, since the petition is not asserted under RPTL article 7, but is maintained under CPLR article 78, the requirements of RPTL 708 (3) do not apply. In this mandamus action, the school district is not a necessary party. The court denies the respondent’s application to dismiss under RPTL 708 (3).
(Scope of Review by the B.A.R.)
The parties sharply disagree on the intended level of review the B.A.R. is entitled to exercise when presented with a stipulation. The petitioner contends that the statute mandates that the B.A.R. ratify duly executed stipulations. The respondent contends that the B.A.R. is entitled to full review of the stipulated assessment value, and also of the assessor’s justification for settling. The B.A.R. asserts that it is free to refuse to ratify the stipulation after making its own independent determination of what the appropriate assessed value should be.
The heading of RPTL 525 states: “Hearing and determination of complaints and ratification of assessment stipulations.” The obvious statutory intent is that the B.A.R. hear and determine complaints; and that it ratify stipulations. RPTL 525 (3) (a) states that the B.A.R. “shall ratify assessment stipulations entered into by the assessor and the complainant.” “Shall” means must, not may.
Likewise, RPTL 524 (3) says “no review of the assessment shall be allowed.” This means that after the B.A.R. has done its job of ratifying the stipulation, and changed the assessment on the final roll, there is no review under RPTL article 7. It is definite and not discretionary — there is no review.
Consideration of the legislative history indicates that some form or level of oversight by the B.A.R. was probably antici *693 pated. If the B.A.R. were to have no review powers whatever, the statute could have made it clear that once the assessor and the property owner executed a stipulation, the stipulated assessed value would be placed on the final assessment roll with no need for any ratification. But the statute indicates that without B.A.R. ratification the stipulated assessment is not entered on the Town’s final assessment roll. In the opinion of counsel of the New York State Office of Real Property Services (10 Opns Counsel SBRPS No. 37 [1997]) only in the “presumably rare” case will the B.A.R. reject a stipulation; a stipulation should be ratified unless the B.A.R. finds the stipulation “blatantly improper.” The respondent contends that the statutory provision requiring B.A.R. ratification of stipulated assessments enables the B.A.R. to serve as a watchdog to guard against the assessor’s abuse of discretion. There is no statutory standard for the B.A.R. to use in determining what constitutes blatant impropriety. Just how much supporting proof can the assessor and/or the property owner be expected to produce to satisfy a B.A.R. that the assessor has not abused discretion? And is such a construction fair to the taxpayer who, in reliance on the written stipulation entered into with the assessor, does not attend the grievance day B.A.R. proceedings? Is the legislative purpose served by requiring the taxpayer, who has once obtained the municipality’s (assessor’s) stipulated agreement, to again present argument and proof, this time to the B.A.R? The taxpayer should not have to jump through an additional hoop in what was intended to be an expedited process. It appears unfair and inconsistent with statutory purpose to enable the B.A.R. to deny ratification on the ground that “the assessor failed to provide sufficient data to support reduction,” as happened in this case. This is not fair to the taxpayer who, quite reasonably, does not attend the grievance hearings. The taxpayer should be able to rely on the adequacy of a stipulation entered into in good faith. The stipulation was presumably executed by both the assessor and the taxpayer so to spare all concerned the added time and expense of again (on grievance day) producing the data and proof that originally supported the stipulation itself.
One difficulty with adopting a statutory construction that permits the B.A.R. full independent review of the merits of a stipulated assessment is that to do so violates the legislative intent of creating a simplified method of resolving valuation disputes between the taxpayers and the assessing unit. It is clear from the legislative history that the objective of the *694 amendments is to provide the stipulation process as an expedient. Had the assessor and the property owner reached an agreement on an assessment prior to the filing of the tentative tax roll, the B.A.R. would have had no authority whatever to review the changed assessment as it appears on the tentative roll. By amending the statute it appears the Legislature intended to effectively “extend” the time for a property owner and assessor to reach that type of an agreement, and to provide ratification as a mechanism for entry of the stipulated value on the Town’s final assessment roll.
If the purpose of the revisions to the statute is to permit property owners and assessors to avoid formal B.A.R. review by arriving at a stipulated agreement, the B.A.R.’s ratification should not involve a review or analysis of the underlying assessment. The B.A.R. may legitimately deny ratification of a stipulation after determining that the stipulation was not validly executed by the appropriate parties within the statutory time frame (from the date of the completion of the tentative tax roll until the B.A.R. meets to review the complaints), or if it determines the proposed “stipulation” is not constituted in accordance with the statutory requirements as set forth in the closing sentences of RPTL 524 (3). However, it cannot substitute its judgment for that of the assessor as to the propriety of the stipulated assessment valuation itself.
The B.A.R. had no authority to deny ratification of the petitioner’s duly executed stipulation. By doing so the B.A.R. failed thereby to perform a duty which it was enjoined to carry out by law. Accordingly, the court directs that the final 1999 tax roll for the Town of Hornellsville be corrected to set forth the stipulated assessed value of $291,300 for the petitioner’s property tax map No. 136.00-02-026-100.