SOUTH LIBERTY PARTNERS, L.P., et al., Respondents, v TOWN OF HAVERSTRAW et al., Appellants. [918 NYS2d 563]—

To determine the limitations period applicable to a declaratory judgment action, "the court must 'examine the substance of that action to identify the relationship out of which the claim arises and the relief sought'" (*Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202 [1987], quoting *Solnick v Whalen*, 49 NY2d 224, 229 [1980]). "[I]f the claim could have been made in a form other than an action for a declaratory

judgment and the limitations period for an action in that form has already expired, the time for asserting the claim cannot be extended through the simple expedient of denominating the action one for declaratory relief" (*New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 201 [1994]). Accordingly, "[i]f issues presented in a declaratory judgment action could have been raised in a proceeding pursuant to CPLR article 78, that action must be brought within four months of the act giving rise to the litigation" (*SJL Realty Corp. v City of Poughkeepsie*, 133 AD2d 682, 683 [1987]; *see Press v County of Monroe*, 50 NY2d 695, 701 [1980]; *Solnick v Whalen*, 49 NY2d 224 [1980]).

Here, the plaintiffs could not have raised their challenge to the constitutionality and substance of the Code of the Town of Haverstraw §§ 137-21 and 137-22 in a CPLR article 78 proceeding, since it is not the proper vehicle for challenging the constitutionality of a legislative enactment (*see Ames Volkswagen v State Tax Commn.*, 47 NY2d 345, 348 [1979]; *New York Pub. Interest Research Group v Steingut*, 40 NY2d 250, 254 [1976]), and is "unavailable to challenge the validity of a legislative act except where the challenge is directed not at the substance of the ordinance but at the procedures followed in its enactment" (*Annenberg v Environmental Control Bd. of Dept. of Envtl. Protection of City of N.Y.*, 220 AD2d 634, 635 [1995]; *see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d at 203-204). Thus, the plaintiffs' claims challenging these sections of the Code of the Town of Haverstraw are subject to the six-year statute of limitations period set forth in CPLR 213 (1) (*see Solnick v Whalen*, 49 NY2d at 229-230; *American Ind. Paper Mills Supply Co., Inc. v County of Westchester*, 16 AD3d 443 [2005]). Further, contrary to the defendants' contention, those claims are not time-barred. Although sections 137-21 and 137-22 were enacted by the Town Board of the Town of Haverstraw in 1990, the plaintiffs' claim did not accrue until July 2005 (*see Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169, 175 [1986]; *Jacobus v Colgate*, 217 NY 235, 245 [1916]; *Roldan v Allstate Ins. Co.*, 149 AD2d 20, 26 [1989]). Since the plaintiffs commenced this action on July 11, 2008, their claims challenging the constitutionality and validity of sections 137-21 and 137-22 of the Code of the Town of Haverstraw are timely.

However, the plaintiffs' claims for a judgment declaring that the adoption by the Joint Regional Sewage Board of the Town of Haverstraw (hereinafter the JRSB) of the sewer unit connection fee and the enforcement of such fee are invalid could have been resolved in a CPLR article 78 proceeding, since these are administrative actions (*see Press v County of Monroe*, 50 NY2d

at 702-704). Although the JRSB derives its authority to adopt charges and fees pursuant to sections 137-21 and 137-22 of the Code of the Town of Haverstraw, the challenged sewer unit connection fee was adopted by means of a resolution by the Board of the JRSB and applied to the plaintiffs by contractual agreements between municipalities. The fee was of a limited duration in that, by statute, it is set and adopted annually by the JRSB (*see* Code of Town of Haverstraw § 137-21). These are factors characteristic of administrative action (*see Press v County of Monroe,* 50 NY2d at 703-704; *International Paper Co. v Sterling Forest Pollution Control Corp.,* 105 AD2d 278, 282-283 [1984]). Accordingly, the claims challenging these administrative actions are time-barred, as those claims should have been brought in an article 78 proceeding (*see Press v County of Monroe,* 50 NY2d at 703-704; *Matter of Frontier Ins. Co. v Town Bd. of Town of Thompson,* 252 AD2d 928, 930 [1998]; *International Paper Co. v Sterling Forest Pollution Control Corp.,* 105 AD2d at 282-283).

The appeal from so much of the order as granted that branch of the plaintiffs' motion which was to strike the third affirmative defense of the defendant Town of Stony Point based on the failure to comply with CPLR 7804 and the fifth affirmative defense of that defendant based on the failure to exhaust administrative remedies must be dismissed as academic in light of our determination that the plaintiffs' claim insofar as it could have been raised in a CPLR article 78 proceeding is time-barred. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.