■ HENRY COZZANI, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [923 NYS2d 348]—

In an action, inter alia, pursuant to 42 USC § 1983 to recover damages for civil rights violations, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated April 23, 2010, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendants' motion to dismiss the complaint for failure to state a cause of action. Although the complaint alleged as a legal conclusion that the defendants engaged in conduct pursuant to a policy or custom which deprived the plaintiff of certain constitutional rights, it was wholly unsupported by any allegations of fact identifying the nature of that conduct or the policy or custom which the conduct purportedly advanced (*see Ashcroft v Iqbal*, 556 US —, —, 129 S Ct 1937, 1950-1951 [2009]; *Dwares v City of New York*, 985 F2d 94, 100 [1993]; *see generally Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700, 703-704 [2010]).

The individual causes of action likewise were inadequate, since there was no allegation in support of the retaliation claim that the plaintiff's First Amendment free speech rights were chilled (*see Williams v Town of Greenburgh*, 535 F3d 71, 76-78 [2008]; *Curley v Village of Suffern*, 268 F3d 65, 73 [2001]; *Mac-Pherson v Town of Southampton*, 738 F Supp 2d 353, 369-370 [2010]), and the plaintiff's selective prosecution/equal protection claim failed to identify any individual or group which was similarly situated to the plaintiff and the manner in which he was treated differently from that individual or group (*see Zahra v Town of Southold*, 48 F3d 674, 684 [1995]; *MacPherson v Town of Southampton*, 738 F Supp 2d at 370-371). The claim sounding in abuse of process also was deficient, since there was no allegation that process was improperly used for a purpose other than lawfully authorized, and "malicious motive alone . . . does not give rise to a cause of action for abuse of process" (*Curiano v Suozzi*, 63 NY2d 113, 117 [1984]; *see Savino v City of New York*, 331 F3d 63, 76 [2003]; *Tenore v Kantrowitz, Goldhamer & Graifman, P.C.*, 76 AD3d 556, 557 [2010]).

Furthermore, it is clear from the allegations of the complaint that the act complained of by the plaintiff was performed solely by the Suffolk County District Attorney's Office, rather than by or with the participation of the defendants.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Hall, Lott and Cohen, JJ., concur.