In an action to permanently enjoin the defendants from continuing or expanding their use of certain trailers within the Town of Southampton as temporary housing for registered sex offenders, the defendants County of Suffolk and Gregory Blass, as Commissioner of Social Services of the County of Suffolk, appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), dated September 20, 2010, which denied their motion, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against them as time-barred.
Ordered that the order is reversed, on the law, with costs, that branch of the motion of the defendants County of Suffolk and Gregory Blass, as Commissioner of Social Services of the County of Suffolk, which was pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against them as time-barred is granted, and the motion is otherwise denied as academic.
In February 2007, the County of Suffolk and the Commissioner of Social Services of the County of Suffolk (hereinafter together the County defendants) placed a trailer on a County-owned parcel of real property in Westhampton to provide temporary emergency housing for homeless registered sex offenders. This trailer (hereinafter the Westhampton trailer) provided housing for up to eight sex offenders. In May 2007, the County defendants set up a second trailer to serve the same purpose on another County-owned parcel in Riverside (hereinafter the Riverside trailer). In 2008, the Riverside trailer was expanded to house additional sex offenders.
In May 2009, the Town of Southampton commenced this action to permanently enjoin the County defendants from continuing or expanding their use of the Riverside trailer. The Town alleged, among other things, that the County defendants’ *1034 installation of the Riverside trailer and its use as housing violated certain state, county, and local laws, including certain zoning provisions. In May 2010, the Town served an amended complaint, seeking such permanent injunctive relief with respect to both the Westhampton trailer and the Riverside trailer. The County defendants moved to dismiss the amended complaint insofar as asserted against them, contending, among other things, that the action was time-barred because the relief sought is in the nature of a proceeding pursuant to CPLR article 78, and, thus, was subject to a four-month statute of limitations. In an order entered September 24, 2010, the Supreme Court denied the motion.
Although the Town styled its action as one for permanent injunctive relief, the Town’s claims, in effect, seek review of the County defendants’ 2007 determination to install the trailers as an abuse of discretion, arbitrary and capricious, or contrary to law, and, thus, fall within the purview of a CPLR article 78 proceeding (see CPLR 7803 [3]; New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 205 [1994]; see Town of Riverhead v County of Suffolk, 78 AD3d 1165, 1166 [2010]; Long Is. Power Auth. Ratepayer Litig., 47 AD3d 899, 900 [2008]; Broderick v Board of Educ., Roosevelt Union Free School Dist., 253 AD2d 836, 837 [1998]). Accordingly, the proper procedural vehicle for the Town’s claims in this action is a proceeding pursuant to CPLR article 78, which is governed by the four-month statute of limitations (see CPLR 217).
Where, as here, the underlying claims raised in an action could have been raised in a proceeding pursuant to CPLR article 78, that action must be brought within four months of the act giving rise to the litigation (see Press v County of Monroe, 50 NY2d 695, 701 [1980]; South Liberty Partners, L.P. v Town of Haverstraw, 82 AD3d 956, 957-958 [2011]; 7 Vestry LLC v Department of Fin. of City of N.Y., 22 AD3d 174, 180 [2005]). The County defendants’ installation of the Westhampton trailer in February 2007 and the Riverside trailer in May 2007 were final determinations that caused the statute of limitations to begin to run (see Town of Riverhead v County of Suffolk, 78 AD3d at 1166; see generally Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom, of City of N.Y., 5 NY3d 30, 34 [2005]). The Town, however, did not commence this action until May 2009, almost two years later. Contrary to the Town’s contentions, its subsequent negotiations with the County defendants did not serve to toll or otherwise extend the four-month statute of limitations (see generally Matter of Hurwitz v New York City Hous. Auth., 92 AD3d 884, 885 [2012]; Matter of *1035 Lynn v Town of Clarkstown, 296 AD2d 411, 411 [2002]). Therefore, this action against the County defendants was time-barred, and that branch of the County defendants’ motion which was pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against them as time-barred should have been granted.
In light of our determination, it is unnecessary to reach the County defendants’ remaining contentions. Rivera, J.P., Eng, Lott and Miller, JJ., concur.