██ GLOBAL REVOLUTION TV et al., Appellants, v THAMES ST LOFTS, LLC, et al., Defendants, and CITY OF NEW YORK et al., Respondents. [35 NYS3d 182]—

In an action, inter alia, to recover damages for violation of constitutional rights pursuant to 42 USC § 1983, the plaintiffs appeal from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated March 14, 2014, which granted the motion of the defendants City of New York, Michael Bloomberg, in his official capacity as Mayor of the City of New York, and individually, Raymond Kelly, in his official capacity as Police Commissioner of the City of New York, and individually, Robert LiMandri, in his official capacity as Commissioner of the Department of Buildings of the City of New York, and individually, and Ira Gluckman, in his official capacity as Borough Commissioner of the Department of Buildings of the City of New York, and individually, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The individual plaintiffs allegedly resided in two first-floor units in a building in Brooklyn pursuant to an agreement with the building's owner. In March 2011, the Department of Buildings of the City of New York issued orders requiring that the first floor of the premises be vacated. In January 2013, the plaintiffs commenced this action against, inter alia, the City of New York and certain City officials (hereinafter collectively the City defendants), challenging the orders to vacate, and seeking to recover damages for violation of constitutional rights pursuant to 42 USC § 1983. The City defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and the Supreme Court granted the motion.

Where "the underlying claims raised in an action could have been raised in a proceeding pursuant to CPLR article 78, that action must be brought within four months of the act giving rise to the litigation" (*Town of Southampton v County of Suffolk*, 98 AD3d 1033, 1034 [2012]; *see Press v County of Monroe*, 50 NY2d 695, 701 [1980]; *South Liberty Partners, L.P. v Town of Haverstraw*, 82 AD3d 956, 957-958 [2011]). Here, the plaintiffs' 4th and 24th causes of action, which essentially sought to annul the vacate orders issued by a City agency on

the ground that they were arbitrary and capricious or affected by an error of law, should have been asserted in a proceeding pursuant to CPLR article 78. Since this action was commenced more than four months after the plaintiffs were properly notified of the orders through posting (*see* Administrative Code of City of NY § 28-207.4.2), the 4th and 24th causes of action were time-barred.

The Supreme Court also properly determined that the plaintiffs failed to state a cause of action to recover damages for violation of constitutional rights pursuant to 42 USC § 1983 (*see Cozzani v County of Suffolk*, 84 AD3d 1147 [2011]).

The plaintiffs' remaining contention need not be reached in light of our determination. Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.