■ KETTLY DOLCE-RICHARD, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [53 NYS3d 124]—

In an action, inter alia, for declaratory and injunctive relief, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Kerrigan, J.), entered November 10, 2015, as granted those branches of the defendant's motion which were to convert the causes of action for declaratory and injunctive relief to a proceeding pursuant to CPLR article 78, and thereupon dismissed the petition as time-barred.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In 2011, the plaintiff was hired by the New York City Health and Hospitals Corporation (hereinafter HHC) to work as a nurse in its Queens Health Network facility. By letter dated July 28, 2011, her employment was terminated on the ground that she had failed to disclose, on her employment application and background investigation form, her previous employment at an HHC facility. In or around September 2013, the plaintiff allegedly learned that a code had been placed by her name in HHC records indicating that she had been terminated for misconduct. On July 29, 2014, the plaintiff commenced this action. She filed an amended complaint in September 2015. The amended complaint alleged three causes of action. The first cause of action was for a judgment declaring that the plaintiff's employment with the Queens Health Network was improperly terminated. The second cause of action was for an injunction directing the defendant to remove the alleged misconduct code. The third cause of action was for, inter alia, unpaid wages, costs, and attorney's fees for the time that the plaintiff was employed at HHC's Queens Health Network facility.

In August 2015, HHC moved pursuant to CPLR 103 (c) to convert the first and second causes of action for declaratory and injunctive relief to a proceeding pursuant to CPLR article

78 and to thereafter dismiss the petition as time-barred. It also moved pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action for failure to state a cause of action. The plaintiff opposed the motion and also cross-moved for leave to amend the complaint and to compel the production of documents. The Supreme Court granted those branches of HHC's motion which were to convert the first and second causes of action for declaratory and injunctive relief to a proceeding pursuant to CPLR article 78, and thereupon dismissed the petition as time-barred. The court also granted that branch of the motion which was to dismiss the third cause of action to the extent of dismissing it without prejudice to commencement of a separate plenary action. The court denied the plaintiff's cross motion as academic. The plaintiff appeals from so much of the order as granted those branches of HHC's motion which were to convert the first and second causes of action for declaratory and injunctive relief to a proceeding pursuant to CPLR article 78, and thereupon dismissed the petition as time-barred.

"A special proceeding under CPLR article 78 is available to challenge the actions or inaction of agencies and officers of state and local government" (*Matter of Gottlieb v City of New York*, 129 AD3d 724, 725 [2015]). A declaratory judgment is a discretionary remedy (*see* CPLR 3001; *Bower & Gardner v Evans*, 60 NY2d 781 [1983]), and is usually unnecessary where a full and adequate remedy is provided by another form of action (*see James v Alderton Dock Yards*, 256 NY 298, 305 [1931]).

Pursuant to CPLR 103 (c), courts have the discretion to convert a plenary action to a CPLR article 78 proceeding (*see Walsh v New York State Thruway Auth.*, 24 AD3d 755, 756 [2005]) or, as here, to convert specific causes of action alleged in a complaint to a proceeding pursuant to CPLR article 78 (*see Wander v St. John's Univ.*, 99 AD3d 891, 894 [2012]). Here, although the plaintiff styled her first and second causes of action as seeking declaratory and injunctive relief and contended that they sounded in defamation, in essence, she was seeking review of HHC's termination of her employment and the removal of the misconduct code from her records. Such relief is properly the subject of a CPLR article 78 proceeding (*see Dormer v Suffolk County Police Benevolent Assn., Inc.*, 95 AD3d 1166, 1168 [2012]; *Broderick v Board of Educ., Roosevelt Union Free School Dist.*, 253 AD2d 836, 837 [1998]). Thus, the Supreme Court providently exercised its discretion in granting that branch of HHC's motion which was to convert the first and second causes of action for declaratory and injunctive relief to a proceeding pursuant to CPLR article 78.

Further, since the true nature of the case was that of a proceeding pursuant to CPLR article 78 (*see Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202 [1987]; *Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd.*, 86 AD3d 83, 90 [2011]), and the plaintiff could have raised her claims in such a proceeding, she should have commenced her action " 'within four months of the act giving rise to the litigation' " (*Global Revolution TV v Thames St Lofts, LLC*, 140 AD3d 1016, 1016 [2016], quoting *Town of Southampton v County of Suffolk*, 98 AD3d 1033, 1034 [2012]; *see* CPLR 217 [1]). Since this action was commenced on July 29, 2014, and HHC terminated the plaintiff's employment at its Queens Health Network facility three years earlier, on July 28, 2011, the Supreme Court, upon converting the first and second causes of action for declaratory and injunctive relief to a proceeding pursuant to CPLR article 78, properly granted that branch of HHC's motion which was to dismiss the petition as time-barred.

The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal. Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.