■ In the Matter of TOH REALTY CORP. et al., Appellants, v CITY OF NEW YORK et al., Respondents.—Judgment of the Supreme Court (Stanley Parness, J.), entered February 3, 1989, dismissing appellants' CPLR article 78 proceeding, unanimously affirmed, without costs.

In this proceeding, appellants argue that modifications in the 42nd Street development project require the plan to be resubmitted to the New York City Board of Estimate for its approval. However, appellants have failed to establish either that they have standing to raise this issue or that a pertinent statute requires the Board to review the amended plan.

Appellants are not parties to the June 27, 1980 memorandum of understanding between New York City and the New York State Urban Development Corporation (UDC) or to the November 8, 1984 Board of Estimate resolution approving the UDC project. Nor have appellants demonstrated their status as primary and immediate beneficiaries of the provisions contained within those documents so as to permit appellants to maintain a proceeding for an asserted breach thereof *(Moch Co. v Rensselaer Water Co.,* 247 NY 160). Finally, the Board of

Estimate resolution constitutes approval of the UDC project within the contemplation of section 16 of the New York State Urban Development Corporation Act ([UDC Act] L 1986, ch 174, § 1, as amended) after which the project is governed by provisions of that statute and not by local laws, ordinances, codes, charters or regulations *(Matter of Waybro Corp. v Board of Estimate,* 67 NY2d 349).

For this reason appellants' reliance on provisions of the New York City Charter which give the Board of Estimate powers over financial matters is misplaced. Moreover, the grant of a power to the Board is not commensurate with the requirement that the power be exercised. Therefore, even assuming that the Board has the power to review the amended development plan and that the power is not superseded by the "override power" of the UDC Act *(Matter of Waybro Corp. v Board of Estimate, supra,* at 356-357), appellants have nevertheless failed to establish that the Board has neglected to perform a duty enjoined upon it by law (CPLR 7803 [1]). As we observed in our opinion in *Matter of Leichter v New York State Urban Dev. Corp.* (154 AD2d 258 [decided herewith]), the UDC Act envisions a single review of a proposed project which, upon affirmance by the UDC, will then be undertaken without unnecessary delay so as to require no further proceedings (UDC Act § 16 [2]). Indeed, as the Court of Appeals has pointed out, the legislative intent behind this statute is the elimination of long and costly delays in urban development projects resulting from regulations imposed by various levels of government, and from local disputes regarding how a project is best to be carried out *(Matter of Waybro Corp. v Board of Estimate, supra,* at 356). Because the statutory scheme requires no supplemental proceedings, it cannot be said that the Board of Estimate has abused its discretion by failing to review the amended plan (CPLR 7803 [3]) assuming, arguendo, it still retains discretion to review it.

Appellants also contend that the city's obligation to indemnify the developer in the event the project loses its tax-exempt status constitutes the unconstitutional surrender of the power of taxation as provided in NY Constitution, article III, § 1 and article XVI, § 1. This issue is, however, prematurely raised. There is no suggestion that the city bears any present obligation under the provision, and the question is therefore not in controversy. The subject property is free from real estate taxation by virtue of its condemnation and purchase by the UDC (UDC Act § 22; *Wein v Beame,* 43 NY2d 326). Therefore, the suspect clause will not become operative unless the Legis-

lature repeals the tax exemption. It has been held both that such an amendment is within the power of the State Legislature and that its exercise of that power obviates the need for a ruling on the constitutionality of a similar tax abatement provision *(Matter of Roosevelt Raceway v Monaghan,* 9 NY2d 293). Finally, even if we were to find the provision void *ab initio,* a question on which we decline to offer any opinion, the clause is severable and could be simply stricken. Concur—Kupferman, J. P., Carro, Ellerin, Smith and Rubin, JJ.