■ New York Design Center, Inc. et al., Appellants, v New York State Urban Development Corporation, Respondent. —Order and judgment (one paper) of the Supreme Court, New York County (Stanley Parness, J.), entered March 7, 1989, granting defendant's motion to dismiss the complaint and declaring that defendant had not violated its June 27, 1980 memorandum of understanding with the City of New York, nor the November 8, 1984 Board of Estimate resolution, nor acted illegally in failing to submit the 42nd Street development plan, as modified on February 9, 1988, to the Board for approval, unanimously affirmed, without costs, for the reasons stated in our memorandum decisions in *Matter of Leichter v New York State Urban Dev. Corp.* (154 AD2d 258 [decided herewith]), *Matter of Wilder v New York State Urban Dev. Corp.* (154 AD2d 261 [decided herewith]) and *Matter of TOH Realty Corp. v City of New York* (154 AD2d 267 [decided herewith]).

We add that appellants' claims which challenge respondent's amendment to the development plan are time barred pursuant to CPLR 217 *(Greystone Mgt. v Conciliation & Appeals Bd.,* 62 NY2d 763; *Solnick v Whalen,* 49 NY2d 224). With respect to their equal protection claims, appellants have failed to demonstrate that a rational relationship between any burden imposed upon them and a legitimate State interest is lacking *(Metropolitan Life Ins. Co. v Ward,* 470 US 869, 881). Therefore, the wide latitude granted to the State to enact social or economic legislation *(Cleburne v Cleburne Living Center,* 473 US 432, 440) precludes a finding that burdens which may fall upon appellants, even if discriminatory, are arbitrary within the meaning of the Equal Protection Clause of the Fourteenth Amendment *(Allied Stores v Bowers,* 358 US 522, 527-528). Concur—Kupferman, J. P., Carro, Ellerin, Smith and Rubin, JJ.